IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **THE STATE OF GEORGIA,** <br><br> v. <br><br> **MARK RANDALL MEADOWS,** <br><br> Defendant. | CIVIL ACTION FILE <br><br> No. 1:23-CV-03621-SCJ <br><br> RE: NOTICE OF REMOVAL OF FULTON COUNTY SUPERIOR COURT INDICTMENT NO. 23SC188947 |

## ORDER

This matter appears before the Court following Defendant Mark Randall Meadows's Notice of Removal under 28 U.S.C. § 1442 and § 1455.[1] Doc. No. [1]. The Court enters the following Order in satisfaction of the statutory requirements for state criminal prosecutions removed. See 28 U.S.C. § 1455(b). For the following reasons, the Court concludes that summary remand under 28 U.S.C. § 1455(b)(4) is not required based on the face of Meadows's Notice of Removal.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

**I.     BACKGROUND**

On August 14, 2023, a grand jury in Fulton County, Georgia returned an indictment against Defendant Meadows and 18 co-Defendants.[2] Doc. No. [1-1]. The Indictment alleges that Meadows's actions related to Georgia's election procedures during the 2020 Presidential election violated a number of Georgia criminal statutes. Id. at 10–12 (listing the 41 counts alleged in the Indictment).

Meadows served as White House Chief of Staff under President Donald J. Trump from March 31, 2020, until January 20, 2021. Doc. No. [1], 3. The Indictment first charges Meadows with violating Georgia's Racketeer Influenced and Corrupt Organizations Act (RICO), O.C.G.A. § 16-14-4(c). Doc. No. [1-1], 13 (Count I). It specifically alleges the following as predicate acts in support of the RICO charge against Meadows:

- He met (along with President Donald J. Trump) with Michigan officials about election fraud in Michigan. Id. at 21 (Act 5).

---

[2] To date, only Defendant Meadows has filed a Notice of Removal in this matter, and thus the Court limits its instant inquiry to the charges made against him.

2

- He messaged the United States Representative from Pennsylvania and then met with Pennsylvania legislators about holding a special session. Id. at 21 (Act 6), 22 (Act 9).

- He met with John McEntee to request a memo about a strategy for "disrupting and delaying the joint session of Congress on January 6, 2021" relating to counting electors' votes. Id. at 24 (Act 19).

- He attempted to and was prohibited from physically observing a nonpublic Georgia election audit. Id. at 44 (Act 92).

- He arranged a phone call between President Trump and the Georgia Secretary of State's Chief Investigator, Frances Watson, regarding the presidential election results in Georgia. Id. (Act 93)

- He messaged Chief Investigator Watson about the potential for a quicker signature verification process of the Fulton County election results if "the [T]rump campaign assist[ed] financially." Id. at 45 (Act 96).

- He solicited (along with President Trump) Georgia Secretary of State Brad Raffensperger to violate his oath of office by altering the certified returns for presidential electors. Id. at 50 (Act 112).

See also Doc. No. [1], 3–6. The Indictment further charges Meadows under O.C.G.A. § 16-4-7 and § 16-10-1 for soliciting a violation of a public official's oath. Doc. No. [1-1], 87 (Count 28).

On August 15, 2023, Meadows filed his Notice of Removal of the criminal Indictment to this Court. Doc. No. [1]. Meadows asserts that federal jurisdiction exists under 28 U.S.C. § 1442(a)(1), as he was a federal officer acting under the color of his office at the time of the acts alleged. See Doc. No. [1], 3 ("The events giving rise to the [I]ndictment occurred during Mr. Meadows's tenure as White House Chief of Staff and are directly related to that role."). He specifies that his "official duties" as Chief of Staff included "arrang[ing] [a] meeting for the President at the White House and communicat[ing] with state lawmakers and officials." Doc. No. [1], 6. Furthermore, he states that he attempted to go to the location of Georgia's election audit in his role as White House Chief of Staff so that he could report to the President about the ongoing audit. Doc. No. [1], 6.

With the following background in mind, the Court now determines whether it clearly lacks subject matter jurisdiction over this case, and thus requiring summary remand pursuant to 28 U.S.C. § 1455(b)(4).

## II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). One such jurisdictional statute provides federal jurisdiction over "any officer (or any person acting under that officer) of the United States" for "any act under color of such office." 28 U.S.C. § 1442(a)(1). Federal officer removal "is an incident of federal supremacy and is designed to provide federal officials with a federal forum in which to raise defenses arising from their official duties." Florida v. Cohen, 887 F.2d 1451, 1453 (11th Cir. 1989) (citing Willingham v. Morgan, 395 U.S. 402, 405 (1969)). Section 1442(a)(1) removal requires "first, the case must be against any officer, agency, or agent of the United States for any act under color of such office; and second, the federal actor or agency being challenged must raise a colorable defense arising out of its duty to enforce federal law." Id. at 1453–54. "[R]egardless of whether the federal court would have had jurisdiction over the matter had it originated in federal court, once the statutory prerequisites to § 1442(a)(1) are satisfied, § 1442(a)(1) provides an independent jurisdictional basis." Id. at 1454.

28 U.S.C. § 1455 allows specifically for the removal of a state criminal prosecution under certain conditions. Procedurally, the notice of removal must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier" and must contain "all grounds for such removal." 28 U.S.C. § 1455(b)(1)–(2). Upon receiving the notice of removal, the federal district court must "examine the notice promptly" and determine if summary remand ought to be granted based on a clear lack of jurisdiction from "the face of the notice and any exhibits annexed thereto . . . ." Id. § 1455(b)(4). If summary remand is not ordered, then the district court must "promptly" hold an evidentiary hearing to determine "disposition of the prosecution as justice shall require." Id. § 1455(b)(5). Moreover, the filing of a notice of removal of a criminal prosecution under Section 1455 "shall not prevent the State court in which such prosecution is pending from proceeding further" even though a "judgment of conviction" cannot be entered until the prosecution is remanded. 28 U.S.C. § 1455(b)(3).

### III.   ANALYSIS

According to the foregoing standards, the Court first determines that Meadows's removal action meets the procedural prerequisites of 28 U.S.C.

§ 1455(b)(1) and (2). Meadows removed this action one day after the Indictment was filed, and thus satisfies the timing requirements of Section 1455(b)(1). Moreover, his filing of removal contains the grounds for removal, including a basis for federal jurisdiction, in satisfaction of Section 1445(b)(2).

The Court now must look at the notice of removal filed and the exhibits attached to determine "if it *clearly appears* . . . that removal should not be permitted." Id. § 1455(b)(3) (emphasis added). Put differently, the Court must determine if it clearly lacks subject matter jurisdiction over the removal action.

The Court has not found any test to govern whether the removal documents "clearly appear[ ]" to preclude removal. To be sure, "28 U.S.C. § 1455 'merely provides procedures that must be followed in order to remove a criminal case from state court when a defendant has the right to do so under another provision.'" Maine v. Counts, No. 22-1841, 2023 WL 3167442, at *1 (1st Cir. Feb. 16, 2023) (quoting Kruebbe v. Beevers, 692 F. App'x 173, 176 (5th Cir. 2017)). Thus, when a removing party fails to meet a requirement of the underlying basis for federal jurisdiction, then removal of the state criminal prosecution is not permitted. See, e.g., United States v. Raquinio, No. CV 23-00231 JMS-WRP, 2023 WL 3791638, at *2 (D. Haw. June 2, 2023) (rejecting removal under Section

1455 based on federal officer jurisdiction because the removing party failed to allege that he was a federal officer or agent); cf. also Hammond v. Georgia, No. 1:18-CV-5553-CAP-AJB, 2018 WL 10626009, at *2 (N.D. Ga. Dec. 21, 2018), report and recommendation adopted, No. 1:18-CV-5553-CAP, 2019 WL 8375921 (N.D. Ga. Jan. 16, 2019). Gilmore v. Glynn Cnty. Superior Ct., No. 2:18-CV-68, 2018 WL 6531685, at *2 (S.D. Ga. Dec. 12, 2018), report and recommendation adopted, No. 2:18-CV-68, 2019 WL 339629 (S.D. Ga. Jan. 28, 2019).

Here, the Court determines that the Notice of Removal and attached Indictment are sufficient to show that summary remand is not clearly required. In other words, it is not immediately apparent from the face of the documents that the Court lacks subject matter jurisdiction under Section 1442(a)(1) over this removal action.

Meadows asserts federal officer jurisdiction under 28 U.S.C. § 1442, which requires showing "the case [is] against any officer, agency, or agent of the United States for any act under color of such office" and that "the federal actor or agency being challenged [raises] a colorable defense arising out of its duty to enforce federal law." Cohen, 887 F.2d at 1453–54. The Notice of Removal indicates that Meadows held the federal role of White House Chief of Staff from

March 31, 2020, until January 20, 2021. Doc. No. [1], 3. Meadows also submits that he was acting in this capacity when all the criminal acts alleged occurred. Id. at 3–7. Meadows finally asserts he has defenses to these criminal charges that "arise under federal law, including a federal immunity defense under the Supremacy Clause of the Federal Constitution."[3] Id. at 7; see also id. at 11–12 (specifying the federal immunity defense and arguing its application to Meadows).

Accordingly, the Court determines that Meadows's Notice of Removal is sufficient to withstand summary remand under Section 1455(b)(4). The Court emphasizes that this Order offers no opinion on the Court's ultimate determination of its subject matter jurisdiction over this case or Meadows's federal immunity defense. Pursuant to 28 U.S.C. § 1455(b)(5), the Court will make its final determination on these matters once they have been completely argued and briefed and are ripe for the Court's full review. To reiterate, this Order's limited conclusion is that the Court, based solely on the face of the Notice of Removal and the Indictment, does not clearly lack subject matter jurisdiction over

---

[3] Meadows indicates that a more thorough argument of the federal immunity defense is forthcoming in a motion to dismiss. Doc. No. [1], 2–3, 9–12.

9

Meadows's Notice of Removal. Thus, the Court will proceed with an evidentiary hearing pursuant to 28 U.S.C. § 1455(b)(5).

## IV. CONCLUSION

For the foregoing reasons, the Court concludes the face of the Notice of Removal (Doc. No. [1]) and attached Indictment (Doc. No. [1-1]) do not clearly indicate that summary remand of this matter is required. No opinion about whether removal will be permitted or on a federal immunity defense is being made at this time.

Pursuant to 28 U.S.C. § 1455(b)(5), the Court **ORDERS** that the Parties participate in an evidentiary hearing concerning the Notice of Removal of the Indictment against Mark R. Meadows on **Monday, August 28, 2023, at 10:00A.M.** at the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia, **in Courtroom 1907**.

The Court furthermore **ORDERS** that Defendant Meadows immediately **SERVE** the Fulton County District Attorney, Fani Willis, with a copy of the Notice of Removal and a copy of this Order. Once the Fulton County District Attorney has been served, she **may** submit a written response to Defendant

Meadows's Notice of Removal no later than **Wednesday, August 23, 2023**. Any response submitted must not exceed **25 pages** in length.

In the interim, pursuant to 28 U.S.C. § 1455(b)(3), proceedings may continue in the Superior Court of Fulton County, Georgia.

IT IS SO ORDERED this __16th__ day of August, 2023.

*/s/ Steve C. Jones*
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE