## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |  |
|---|---|---|
| THE STATE OF GEORGIA, | ) | |
| v. | ) | Case No. 1:23-cv-03621-SCJ |
| MARK R. MEADOWS, | ) | |
| *Defendant.* | ) | |

## EMERGENCY MOTION FOR IMMEDIATE REMOVAL, OR FOR AN ORDER PROHIBITING DA FANI WILLIS FROM ARRESTING DEFENDANT MARK MEADOWS

Defendant Mark R. Meadows hereby moves for the Court "promptly" to permit removal and "so notify the State court," 28 U.S.C. § 1455(b)(5), without a hearing and before Noon on Friday, August 25, 2023, in order to protect Mr. Meadows from arrest prior to this Court's upcoming hearing on removal. Granting removal immediately and notifying the state court is the most efficient way to effectuate relief. Federal courts have permitted removal without first holding the evidentiary hearing contemplated by § 1455(b)(5) where, as here, the defendant's entitlement to removal can be determined without one. *See New York v. Tanella*, 239 F. Supp. 2d 291, 295 (E.D.N.Y. 2003); *City of Jackson v. Jackson*, 235 F. Supp. 2d 532, 534 & n.2 (S.D. Miss. 2002).

Alternatively, the Court can effectuate relief by issuing an order to Fulton County District Attorney Fani Willis—who is a party to the matter before the Court—prohibiting her from arresting or causing the arrest of Mr. Meadows before the Monday hearing.

I.    **Immediate Relief Is Necessary to Prevent a State Arrest That Would Irreparably Deprive Mr. Meadows of Protection Under Federal Law and Interfere With This Court's Orderly Consideration of Removal.**

District Attorney Fani Willis has made clear that she intends to arrest Mr. Meadows before this Court's Monday hearing and has rejected out of hand a reasonable request to defer ***one business day*** until after this Court's hearing. Absent this Court's intervention, Mr. Meadows will be denied the protection from arrest that federal law affords former federal officials, and this Court's prompt but orderly consideration of removal will be frustrated.

The Supremacy Clause protects federal officials from being "***arrested*** and brought to trial in a State court," *Tennessee v. Davis,* 100 U.S. 257, 263 (1880) (emphasis added), not just from being convicted and sentenced there. *See New York v. Tanella*, 374 F.3d 141, 147 (2nd Cir. 2004) (explaining that the Supremacy Clause provides "immunity from suit rather than a mere shield against liability"). Consistent with that broad immunity, Congress has provided that, in cases removed from state court (including under the Federal Officer Removal Statute), the state proceedings

2

should be halted immediately if the case is civil, *see* 28 U.S.C. § 1446(d), and after prompt consideration if the case is criminal, *see id.* § 1455(b)(4)–(5).

Mr. Meadows has moved as quickly as possible to remove the case against him, and consistent with § 1455(b)(5), this Court has acted "promptly" to adjudicate removal. On Wednesday, August 16, the Court entered an order holding "that Meadows's Notice of Removal is sufficient to withstand summary remand under Section 1455(b)(4)," Order, Dkt. No. 6, at 8, and ordered, "that the Parties participate in an evidentiary hearing concerning the Notice of Removal of the Indictment against Mark R. Meadows on **Monday, August 28, 2023, at 10:00 A.M.**," *id.* at 10.

Earlier that day, counsel for Mr. Meadows had made efforts to meet and confer with District Attorney Fani Willis about seeking the Court's prompt consideration of removal "or in the alternative, to stay state criminal proceedings against Mr. Meadows pending consideration of his notice of removal." Ex. 1 (Aug. 16, 2023, Email from J. Moran to F. Willis). District Attorney Willis informed counsel that no one from the District Attorney's Office would be available until Monday, August 21. *See* Ex. 2 (Aug. 16, 2023, Email from F. Willis to J. Moran). At 10:30 A.M. on Monday, August 21, counsel spoke with the District Attorney's Office; they informed counsel of their firm terms for a consent bond and made clear

3

that Mr. Meadows would be arrested if he did not voluntarily surrender before Noon on Friday, August 25. *See* Ex. 3 (Aug. 21, 2023 Letter from J. Moran to F. Willis).

On the afternoon of Monday, August 21, counsel for Mr. Meadows sent a letter to District Attorney Willis requesting "a modest extension of that [Friday at Noon] deadline." *Id*. Noting that this Court had set the hearing for Monday, August 28, counsel stated that "it would be eminently reasonable, and the best allocation of the parties' resources, to defer voluntary surrender for Mr. Meadows until next week." *Id*. Counsel further stated that, if District Attorney Willis agreed to the additional time, counsel would "be prepared to meet and confer . . . immediately following the federal court hearing—which is scheduled for less than one business day after the current deadline"—to "discuss the best path forward based on the outcome of the hearing, including a prompt voluntary surrender in Fulton County, if appropriate." *Id*.

This morning, District Attorney Willis rejected the proposal out of hand and made clear that she would arrest Mr. Meadows before this Court's hearing if he does not agree to bond terms and voluntarily surrender:

> I am not granting any extensions. I gave 2 weeks for people to surrender themselves to the court. Your client is no different than any other criminal defendant in this jurisdiction. The two weeks was a tremendous courtesy. At 12:30 pm on Friday I shall file warrants in the system. My team has availability to meet to discuss reasonable consent bonds Wednesday and Thursday.

4

Ex. 4 (Aug. 22, 2023, Email from F. Willis to J. Moran). Counsel responded by letter earlier today making clear that Mr. Meadows *is* differently situated from other Fulton County defendants because he is a former federal official who has a pending Notice of Removal which is scheduled for consideration before this Court on Monday, August 28. *See* Ex. 5 (Aug. 22, 2023, Letter from J. Moran to F. Willis). Counsel urged District Attorney Willis to reconsider and made clear that, in the meantime, Mr. Meadows would seek appropriate relief. *See id*.

The Court should promptly grant relief to prevent Mr. Meadows from irreparably losing his right under federal law to be free from state arrest and to protect this Court's ability consider Mr. Meadows's Notice of Removal, *see* Notice, Dkt. No. 1, and Motion to Dismiss, Dkt. No. 15, in an orderly fashion.

## II. The Most Efficient Relief Is to Permit Removal Immediately and So Notify the State Court.

Under § 1455(b)(5), state criminal proceedings will stop as soon as this Court permits removal and so notifies the state court. While § 1455(b)(5) contemplates an evidentiary hearing, and this Court has scheduled one for Monday, August 28, federal courts have also permitted removal on the papers without an evidentiary hearing. *See Tanella*, 239 F. Supp. 2d at 295; *Jackson*, 235 F. Supp. 2d at 534 & n.2. Doing so here would be the most efficient and effective way to protect Mr. Meadows's rights under federal law and to facilitate the orderly consideration of

5

everything pending before this Court. The Court could still hold a hearing on Monday, August 28, and could later reconsider removal, if necessary.

Mr. Meadows's entitlement to removal under the Federal Officer Removal Statute is plain from the face of the indictment and his Notice of Removal. *See* Dkt. Nos. 1, 1-1.

> A defendant can remove a case to federal court under section 1442(a)(1) when the following two elements are met: (1) the defendant advances a "colorable defense arising out of his duty to enforce federal law" and (2) the defendant establishes that there is a "causal connection between what the officer has done under asserted official authority and the action against him."

*Bateman v. Depczynski*, No. 1:12-CV-04118-SCJ, 2013 WL 7121195, at *2 (N.D. Ga. July 8, 2013) (Jones, J.) (quoting *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1427 (11th Cir.1996)); *see also Georgia v. Heinze*, 637 F. Supp. 3d 1316 (N.D. Ga. 2022). Mr. Meadows has a (far more than) plausible or "'colorable'" federal defense, *Heinze*, 637 F. Supp. 3d at 1325 (quoting *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999)), based on federal immunity under the Supremacy Clause of the Federal Constitution, *see* U.S. CONST., art. vi, cl. 2; *In Re Neagle*, 135 U.S. 1, 57 (1890); *Kordash v. United States*, 51 F.4th 1289, 1293 (11th Cir. 2022); *Denson v. United States*, 574 F.3d 1318, 1345–46 (11th Cir. 2009). And there is a plain "'causal connection'" between the conduct charged and his official role, *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996) (quoting *Maryland v. Soper*,

270 U.S. 9, 33 (1926)), sufficient to clear the "quite low" "hurdle" of the second prong, *Caver v. Cent. Alabama Elec. Coop.*, 845 F.3d 1135, 1144 (11th Cir. 2017).

That is enough. Mr. Meadows "need not win his case before he can have it removed" and enjoy "the protection of a federal forum." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969).[1] The standard for removal is even easier to meet than the standard for asserting a Supremacy Clause immunity on the merits. *See Caver*, 845 F.3d at 1145 (explaining that removal under § 1442 was proper when the defendant's federal defense was "plausible" and then separately analyzing the actual merits of that defense). Mr. Meadows has satisfied this showing.

Prompt action is needed to spare Mr. Meadows the burden and cost of defending himself in state court, which is precisely what the Supremacy Clause and § 1442 protect against. *See, e.g.*, *Denson*, 574 F.3d at 1346–47. Because federal law provides federal officials like Mr. Meadows "immunity from suit rather than a mere

---

[1] To the extent the State takes issue with, or the Court might have questions about, the relevant facts, counsel will be prepared to address them at the upcoming evidentiary hearing on Monday, August 28—though it bears repeating that Mr. Meadows "need not admit the acts charged, nor . . . establish [his] innocence of the charges" to remove to federal court. 14C WRIGHT & MILLER, FED. PRAC. & PROC. JURIS. § 3726 (Rev. 4th ed.) (citing *Soper*, 270 U.S. at 36). Mr. Meadows also respectfully submits that the Court can permit removal now, and thereby stop the state criminal proceedings, and still hold an evidentiary hearing to consider additional arguments and evidence, after which the Court could reconsider its decision if necessary.

shield against liability," *Tanella*, 374 F.3d at 147, it is important to adjudicate removal quickly *before* Mr. Meadows is subjected to the very burdens in state court from which he has a legal right to be free. *Cf. McClish v. Nugent*, 483 F.3d 1231, 1237 (11th Cir. 2007) ("In order to spare officials who are entitled to immunity from the burden of litigation, the availability of qualified immunity should be evaluated early in the proceedings.") (citing *Saucier v. Katz*, 533 U.S. 194, 200–01 (2001)).

Unfortunately, the State is set on subjecting Mr. Meadows to criminal process in Georgia as quickly as it can and without regard to his pending efforts to remove the case to federal court. In addition to threatening arrest on Friday—in advance of this Court's Monday hearing—the State has also sought a scheduling order that would proceed exceptionally fast for a 19-defendant, 41-count prosecution. *See* Ex. 6 (State's Motion for Entry of Pretrial Scheduling Order). After arrest, the State would require arraignment by Friday, September 8, and then would quickly initiate critical deadlines on discovery and defenses. *See id*. Time is therefore of the essence for this Court to permit removal and notify the state court so as to halt further state court proceedings, *see* 28 U.S.C. § 1455(b)(5), before Mr. Meadows (and the State) expend substantial resources in state-court litigation.

The Court should therefore effectuate relief for Mr. Meadows by permitting removal immediately and so notifying the state court.

III.    **The Court May Also Issue an Order Enjoining District Attorney Willis from Arresting Mr. Meadows Before This Court's Monday Hearing.**

Alternatively, Mr. Meadows asks the Court to order District Attorney Willis not to arrest Mr. Meadows before the hearing scheduled for Monday, August 28. That short-term, modest relief would prevent the irreparable loss of Mr. Meadows's rights under federal law and allow this Court to consider the merits of removal in an orderly fashion without any substantial prejudice to the State of Georgia. While federal courts will not enjoin pending state proceedings lightly, a temporary pause of the state criminal proceedings here would not run afoul of the Anti-Injunction Act, *see* 28 U.S.C. § 2283, nor of the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971), and would protect the important federal interests flowing from the Supremacy Clause and the Federal Officer Removal Statute while the Court considers Mr. Meadows's Notice of Removal.

Mr. Meadows's grounds for removal are simple, but the case as a whole is complex. It includes 19 defendants charged in 41 counts in a 97-page indictment.[2] It

---

[2] The Federal Officer Removal Statute by default removes to federal court the entire case, not just the charges against Mr. Meadows—whether or not other defendants wish to remove or have a legal basis to do so. *See Heinze*, 637 F. Supp. 3d at 1325 n.8 ("'It is well settled that if one claim cognizable under Section 1442 is present, the entire action is removed, regardless of the relationship between the Section 1442 claim and the non-removable claims.'") (quoting *Nadler v. Mann*, 951 F.2d 301, 306 n.9 (11th Cir. 1992)). Mr. Meadows, of course, had no control over how the case was presented to the grand jury and seeks removal only on his own behalf. A district

9

could take significant time to brief, argue, and adjudicate removal and substantive defenses, particularly now that other defendants have filed notices of removal. And state court proceedings are not stayed automatically as they would be with removal of a civil case. The State, meanwhile, is threatening arrest and seeking a pretrial scheduling order that would proceed very quickly, with critical deadlines coming up in a matter of weeks.

As noted, the Supremacy Clause and the Federal Officer Removal Statute provide Mr. Meadows a legal immunity from suit, not just a substantive defense. If Mr. Meadows is required to defend himself in state criminal proceedings pending this Court's adjudication of his notice of removal, he will suffer an "irreparable loss" of his procedural rights that "is both great and immediate," *Younger*, 401 U.S. at 45, justifying a modest federal stay. *See also Nixon v. Fitzgerald*, 457 U.S. 731, 742 (1982) (explaining that denials of immunity can be immediately appealable since the loss of immunity from suit cannot be vindicated on appeal from a final judgment).

---

court may remand proceedings against remaining defendants *after* dismissing charges against federal officials, *see Spencer v. New Orleans Levee Bd.*, 737 F.2d 435, 438 (5th Cir. 1984), and at least one has severed a case after permitting removal and then remanded the non-removable portion to state court, *see Joyner v. A.C. & R. Insulation Co.*, No. CIV. CCB-12-2294, 2013 WL 877125, at *9-10 (D. Md. Mar. 7, 2013). But however the Court should proceed, Mr. Meadows has an "absolute" right to have the charges against him heard in federal court, *Willingham*, 395 U.S. at 406, and the Federal Officer Removal Statute calls for prompt consideration of his Notice.

Once the Court rules on removal, either the state court proceedings will be stayed as expressly provided by federal law (if the Court permits removal), *see* 28 U.S.C. § 1455(b)(5), or Mr. Meadows will have a statutory right to appeal (if the Court does not), *see id.* § 1447(d). In either case, a brief temporary stay of state criminal proceedings will preserve Mr. Meadows's rights without substantially burdening the State of Georgia. And for now, Mr. Meadows is seeking only to prevent his arrest before the previously scheduled hearing on Monday, August 28. At the hearing and following, the Court and the parties can discuss where the matter stands and whether any further relief is necessary and appropriate.

The Anti-Injunction Act does not prevent this Court from enjoining Mr. Meadows's arrest. The Act provides that a "court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. To start, Mr. Meadows is seeking an injunction (as an alternative to immediate removal) against District Attorney Willis, as a party to this federal case, not directly against the state court. But in any event, the Federal Officer Removal Statute is a federal statute that "expressly" authorizes a halt of state proceedings. *See Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 250 (4th Cir. 2013) (construing parallel "proceed no further" language from civil

11

removal statute as express authorization for purposes of the Anti-Injunction Act). And this is not an instance where the federal courts should abstain as a matter of comity; absent relief, Mr. Meadows is threatened with an "irreparable loss" of his procedural rights that "is both great and immediate." *Younger*, 401 U.S. at 45.

A federal court's control over parallel state proceedings in removal cases is not limited to the stays expressly provided for in Title 28; the court may also enjoin the parties from pursuing *other* litigation that is inconsistent with the defendant's right to removal. *See Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1378 (9th Cir. 1997). A litigant's efforts to "subvert the removal statute implicate[] the expressly authorized exception to the Anti–Injunction Act and may warrant the granting of an anti-suit injunction." *Davis Int'l, LLC v. New Start Grp. Corp.*, 367 F. App'x 334, 337 (3d Cir. 2010). Federal courts have thus held that a party to a federal case may properly be enjoined from pursuing litigation in other fora that "would result in unwarranted inconvenience, expense, and vexation," even if the court would not have any ability to control litigation in the other fora directly. *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 627 (5th Cir. 1996).

Moreover, an injunction is appropriate not only to protect Mr. Meadow's right to removal but also to protect this Court's jurisdiction and orderly consideration of the pending Notice. If District Attorney Willis arrests Mr. Meadows before this

Court's Monday hearing, the Court's August 16 order, which declined summary remand and set a hearing date to determine whether Mr. Meadows has a right to be free from state criminal proceedings, "would be effectively nullified" insofar as Mr. Meadows's right to be free from arrest and processing in state court is concerned. *Southmark Properties v. Charles House Corp.*, 742 F.2d 862, 868 (5th Cir. 1984); *see also Davis,* 100 U.S. at 263 (explaining that the Supremacy Clause protects federal officials against arrest).

Moreover, while the standard for granting removal is independent of the traditional factors for granting a stay, Mr. Meadows would be entitled to a stay of the state criminal proceedings even under those factors. *See Nken v. Holder*, 556 U.S. 418, 426 (2009) (stay governed by "four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.") (citation omitted).

***First***, Mr. Meadows has made a strong showing that he is likely to prevail in removing the case to federal court and avoiding a state arrest. As set forth in the Notice of Removal, state criminal charges cannot be brought against the Chief of Staff of the President of the United States for conduct within his federal duties. *See*

13

Notice of Removal, Dkt. No. 1, at 9–12. Mr. Meadows is likely to clear the "quite low" "hurdle" of establishing his entitlement to removal. *Caver*, 845 F.3d at 1144.

**Second**, Mr. Meadows would be irreparably injured if the state criminal proceeding is not stopped. He would be subject to arrest, to the State's pre-trial criminal restrictions, and, ultimately, to risks of criminal sanction. It is black-letter law that in the context of qualified immunity, that government officials are protected for "performing discretionary functions from civil trials (and the other burdens of litigation, including discovery)." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Federal officer removal is "analogous to the qualified immunity situation, in that there comes a point early in the proceedings where the federal immunity defense should be decided in order to avoid requiring a federal officer to run the gauntlet of standing trial and having to wait until later to have the issue decided." *Kentucky v. Long*, 837 F.2d 727, 752 (6th Cir. 1988); *see also id.* (explaining that the purpose of federal officer removal is "not only to avoid the possibility of conviction of a federal agent, but also to avoid the necessity of undergoing the entire process of the state criminal procedure."). In *Davis*, the Supreme Court highlighted the need for the federal government to be able "to interfere at once" to protect federal officers charged with state crimes. 100 U.S. at 263. Courts have also long held that the otherwise strong policy against federal interference in state criminal proceedings

14

allows "intervention in those cases where the District Court properly finds that the state proceeding is motivated by a desire to harass or is conducted in bad faith." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975). The State's insistence on arresting Mr. Meadows before his day in federal court justifies relief.

*Third*, a stay will not substantially injure other parties, particularly the State of Georgia. If removal is resolved in Mr. Meadows's favor, the State will not have lost anything to which it was entitled. And if removal is instead resolved in favor of the State, a modest and temporary stay of Mr. Meadow's arrest will not have worked any substantial prejudice. Again, for now, he is only seeking a delay of ***one business day*** so that the Court and the parties can determine how best to proceed on Monday, August 28. So long as Mr. Meadows has a fair opportunity to present his arguments—which he has sought to do as quickly as is reasonably possible—the State can proceed in state court if and when that issue is resolved in its favor.

*Fourth*, the public interest strongly supports a stay. The very premise of Supremacy Clause immunity and the Federal Officer Removal Statute is that it is vitally important to the proper functioning of our Federal Government that federal officials be free from state arrest and prosecution when carrying out their duties. *See Davis,* 100 U.S. at 263. For the State to arrest Mr. Meadows one business day before this Court's scheduled hearing on his Notice of Removal would give rise to the very

"chilling effect" that federal law goes out of its way to protect against. *Tanella*, 374 F.3d at 147; *see generally Neagle*, 135 U.S. at 1 (1890).

*   *   *   *   *

The Court should therefore grant removal immediately and so notify the state court, or in the alternative, should enter an order prohibiting District Attorney Willis from arresting Mr. Meadows ahead of the evidentiary hearing this Court scheduled for Monday, August 28, at 10:00 A.M.[3]

---

[3] As a further alternative, the Court could construe this motion as a petition for a writ of habeas corpus and issue the writ to keep him out of state custody. For the same reasons that Mr. Meadows is entitled to removal, his arrest in state court would be in "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The Supreme Court has held that challenges to future confinement are actionable in a habeas action." *Vargas v. Swan*, 854 F.2d 1028, 1031 (7th Cir. 1988) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973); *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 488–89 (1973); *Peyton v. Rowe*, 391 U.S. 54, 67 (1968)); *Mokone v. Fenton*, 710 F.2d 998, 1002 (3d Cir. 1983) (holding that a defendant could challenge his future confinement in New York); *see also Stevens v. Heard*, 674 F.2d 320, 324 (5th Cir. 1982) (holding that habeas corpus is the right vehicle under *Preiser* to challenge "future confinement"). Mr. Meadows may therefore be considered "in custody" for habeas purposes before his actual arrest. As the Eleventh Circuit has observed, "the 'in custody' requirement should be construed 'very liberally.'" *Clements v. Florida*, 59 F.4th 1204, 1213 (11th Cir. 2023) (quoting *Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 2015)). The "proper inquiry" is whether the state's action "substantially limit[s] Mr. [Meadows's] actions or movement." *Id.* at 1214. Because "habeas corpus is no longer simply a remedy for unlawful physical custody" and the "focus [is] on liberty of movement," *id.*, the prospect of arrest unquestionably limits Mr. Meadows's "actions or movements," and if achieved, would place him squarely in state custody.

Dated: August 22, 2023

Respectfully submitted,

 */s/ John S. Moran*

Joseph M. Englert
MᴄGᴜɪʀᴇWᴏᴏᴅs LLP
1230 Peachtree St., N.E., Suite 2100
Atlanta, GA 30309
(404) 443-5500
Jenglert@mcguirewoods.com

George J. Terwilliger, III*
John S. Moran*
Michael Francisco*
MCGUIREWOODS LLP
888 16th Street NW, Suite 500
Washington, DC 20006
(202) 857-1700
gterwilliger@mcguirewoods.com
jmoran@mcguirewoods.com
mfrancisco@mcguirewoods.com
* Admitted *Pro Hac Vice*

*Counsel to Mark R. Meadows*

17

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that 14-point Times New Roman font was used for this document and that it has been formatted in compliance with Local Rule 5.1.


August 22, 2023

        */s/ John S. Moran*
        John S. Moran
        *Counsel to Mark R. Meadows*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of August, 2023, I filed a copy of this document using the Court's ECM/ECF filing system, which will send an electronic notification of the same (NEF) to counsel of record for the State.

 */s/ John S. Moran*
John S. Moran
*Counsel to Mark R. Meadows*