# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| THE STATE OF GEORGIA, | ) | |
| | ) | CIVIL ACTION NO. |
| | ) | 1:23-cv-03621-SC |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | RE: NOTICE OF REMOVAL |
| | ) | OF FULTON COUNTY |
| | ) | SUPERIOR COURT |
| MARK RANDALL MEADOWS | ) | INDICTMENT NO. |
| | ) | 23SC188947 |

## THE STATE OF GEORGIA'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S EMERGENCY MOTION FOR IMMEDIATE REMOVAL AND REQUEST FOR AN INJUNCTION

Defendant Mark R. Meadows has moved this Court for an Emergency Motion for Immediate Removal or Order Prohibiting the District Attorney from Arresting the Defendant. Pursuant to this Court's Order, the State of Georgia, by and through Fulton County District Attorney Fani T. Willis, responds that the defendant's motion is baseless and in direct contravention with the requirements of the law. The State respectfully asks that this Court dismiss or deny the Emergency Motion, as appropriate.

Following a lengthy investigation, a Fulton County Grand Jury issued a true bill of indictment on August 14, 2023 against Mark Meadows (hereinafter the defendant) and others for violating the State of Georgia's Racketeering statute and

for soliciting a Georgia public officer to violate his oath of office. On August 15, the defendant filed a notice to remove his case to federal court. On August 16, this Court issued an Order in accordance with 28 U.S.C. § 1455 directing the parties to participate in an evidentiary hearing concerning the defendant's notice of removal. Such hearing is to take place on Monday August 28, 2023, at 10:00 a.m.

Following the grand jury's return of a true bill of indictment against the defendant on August 14, the District Attorney stated she intended to provide the defendant two weeks to voluntarily surrender himself to Fulton County authorities. On August 21, the defendant, through his attorney, requested that the surrender date offered by the District Attorney be extended "until next week."[1] On August 22, the District Attorney denied the defendant's request for additional time to surrender.[2] The defendant then again requested that he be afforded additional time to surrender himself to authorities, which the District Attorney declined to offer.[3]

Subsequently, on August 22, the defendant filed this emergency motion to immediately remove the case without an evidentiary hearing and to alternatively

---

[1] Doc. [17-3]. Defendant did not actually request a particular date in which to extend his surrender, and only offers to confer after the evidentiary hearing set by this Court on August 28.

[2] Doc. [17-4]. With a true bill of indictment in hand, the District Attorney was not required to give the defendant any time to turn himself in, but did not immediately cause an arrest warrant to be issued as a matter of professional courtesy.

[3] It should be noted the defendant's former boss, the former President of the United States, voluntarily agreed to surrender himself to state authorities, while other defendants have already surrendered.

enjoin the District Attorney from "arresting or causing the arrest" of the Defendant.[4] In his motion, the defendant contends that if this Court does not either remove the defendant's case immediately or enjoin the District Attorney from "arresting or causing the arrest of" the defendant, that the defendant will be subject to irreparable harm, in that the defendant will be arrested and otherwise subject to litigation in state court. On August 22, 2023, this Court entered an order directing the District Attorney's Office to respond to the Defendant's Emergency Motion by 3 p.m. August 23, 2023. Accordingly, the State of Georgia submits this response.

I. **The Defendant's Request for Immediate Removal is not Authorized and the Court is Required to Conduct an Evidentiary Hearing.**

The defendant's contention the case should be immediately removed on the papers is meritless. Pursuant to 28 U.S.C. § 1455(b)(3), the filing of a notice of removal of a criminal prosecution "shall not prevent the State court in which such prosecution is pending from proceeding further." The only limitation imposed on the State court pending a notice of removal is that the State court may not enter a judgement of conviction before the prosecution is remanded. *Id.* Additionally, if the District Court does not order the summary remand of the prosecution, the Court **shall** order an evidentiary hearing. *Id.* Accordingly, the Court is required to conduct

---
[4] Doc. [17] at 2.

an evidentiary hearing, and the State court is not precluded from proceeding against the defendant even if his Notice of Removal is pending in federal court.

The Defendant's reliance on *New York v. Tanella*, 374 F.3d 141 (2d Cir. 2004) and *City of Jackson v. Jackson*, 235 F. Supp. 2d 532 (S.D.Miss 2002) for the suggestion that this Court can permit removal without an evidentiary hearing is misplaced. Both *Jackson* and *Tanella* were decided prior to the enactment of §1455.[5] Accordingly, such authority does not provide any support for the defendant's contention that this Court should dispense with an evidentiary hearing or that the State prosecution should be precluded from proceeding against the defendant pending the Court's ruling on the defendant's notice of removal.

Additionally, this Court, in compliance with § 1455, has promptly ordered an evidentiary hearing to take place on August 28, at which time both parties may be heard and present evidence concerning whether removal is proper. The Court has also allowed the State until today, Wednesday, August 23, 2023, to file a written response to the defendant's Notice of Removal. That forthcoming response demonstrates that the defendant would not be entitled to any "summary decision" regarding removal, even if such were possible under the law. The defendant's

---

[5] 28 U.S.C. §1455 was enacted December 7, 2011 and applies to any action or prosecution commenced on or after such date. The undersigned has found no authority subsequent to the enactment of § 1455 in which a criminal prosecution was removed to federal court over the objection of state authorities without an evidentiary hearing. The defense also cites no such authority.

request to immediately remove the case is a not so subtle request to invite the Court to improperly prevent the State from proceeding against the defendant pending the Court's ruling on the notice of removal. Accordingly, the State of Georgia respectfully requests that the Court DISMISS or DENY the Defendant's motion in this respect, as appropriate.

## II. This Court Should Abstain from Interfering in a State Court Criminal Prosecution and Refuse to Enjoin or Otherwise Order the District Attorney from Performing her Statutory Duties

The defendant's request that this Court enjoin the District Attorney of Fulton County from taking action that would facilitate the arrest of the defendant is a request that this Court violate the long-standing principles set forth by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), requiring federal courts to abstain from interfering with or enjoining state prosecutions. In order to avoid the abstention doctrine as it applies to state criminal prosecutions, the defendant bears the burden of demonstrating the proceeding against him was instituted in bad faith or that the proceedings are founded on clearly unconstitutional laws. *Leonard v. Ala. State Bd. of Pharm.*, 61 F.4th 902, 911 (11th Cir. 2023).

The Defendant makes no such claims here and has failed to make any showing his prosecution was instituted in bad faith or founded on unconstitutional laws. Instead, the Defendant's principal contention, citing *Younger*, is that he will suffer

irreparable loss by being required to "defend himself in state criminal proceedings."[6] The Court in *Younger*, however, specifically said that the inconvenience of having to defend against a single criminal prosecution does not by itself constitute irreparable injury. 401 U.S. at 46.

In fact, federal courts have repeatedly denied requests to interfere in state criminal prosecutions.[7] Generally, only in cases of proven harassment or prosecutions taken in bad faith without hope of obtaining a valid conviction is federal intervention against pending state prosecutions appropriate. *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971) (reversing district court order suppressing evidence in a state prosecution and the return of seized material and concluding the district court improperly intruded into the State's criminal process). Indeed, the "propriety of arrests and admissibility of evidence in state criminal prosecutions are ordinarily matters to be resolved by state tribunals." *Id.* The Eleventh Circuit recently affirmed the long-standing principle that injury merely incidental to a lawful criminal proceeding brought in good faith does not constitute the type of irreparable injury required to merit federal intervention. *Chambersel v. Florida*, 816 Fed. Appx. 424

---

[6] Doc. [17] at 10.
[7] *See Lyons v. Kimmey*, 2021 U.S. App. LEXIS 24813 (10th Cir. 2021) (holding district court properly abstained from interfering with state criminal proceeding by dismissing defendant's lawsuit against police who arrested the defendant); *Nick v. Abrams*, 717 F. Supp 1053 (S.D. N.Y) (holding defendant failed to show irreparable harm in evidence seized from him pursuant to state search warrant).

(11th Cir. 2020) (affirming district court's denial of defendant's writ of mandamus that state court rule on pro se motions and decision not to interfere in pending state criminal prosecution).

In essence, the defendant's emergency motion is a plea to this Court to prevent the defendant from being arrested on the charges lawfully brought by the State of Georgia. Despite the Defendant's attempts to characterize the request as a "temporary pause," it is a request that the routine processing and handling of a criminal matter in the State system be dictated by federal authority. Such a request is improper.[8]

Here, the defendant does not allege that his prosecution is taken in bad faith, that there is no hope of obtaining a valid conviction, or that it is being taken to harass the defendant. The defendant is simply requesting that this Court prevent him from being lawfully arrested as any criminal defendant would be after indictment on felony charges by a grand jury. The defendant's claim that his status as a former federal officer somehow heightens this routine procedure to the level of irreparable injury to the defendant is baseless.

---

[8] It should be noted that federal courts have no authority to issue writs of mandamus to state and local officials to direct state courts or their judicial officers in the performance of their duties. *Lewis v. Texas*, 2001 U.S. App. LEXIS 31887, *2 (5th Cir. 2001). The defendant is requesting that the Court, without any proper authority, direct the District Attorney in the performance of her duties.

Even if the defendant were under federal jurisdiction, the Defendant would still be subject to arrest and detention. Further, other former federal officers, to include the former President of the United States, have agreed to voluntarily surrender to State authorities without the claim of irreparable injury. Additionally, the defendant's arrest will not preclude the defendant from asserting any State or federal defenses he may have. Accordingly, the Defendant has failed to articulate the type of irreparable harm contemplated by *Younger* and its progeny.

The defendant also erroneously claims that the Anti-Injunction Act, 28 U.S.C. § 2283, which precludes a federal court from granting an injunction to stay proceedings in State court (subject to limited exceptions) does not prevent this Court from enjoining the State from arresting the defendant.[9] The defendant appears to base this assertion on the fact he is seeking the Court to enjoin the District Attorney from acting and not the State court. It is the State court, however, that has issued the warrant for the defendant's arrest, not the District Attorney.

Georgia criminal procedure provides that a law enforcement officer may arrest a person for a crime with or without a warrant. O.C.G.A. §17-4-20. Generally, it is typical Georgia criminal procedure for a defendant to be arrested on a grand jury warrant after being indicted.[10] This generally takes place prior to or at arraignment

---

[9] Doc. [17] at 11.
[10] *See generally Wilkie v. State*, 290 Ga. 450 (2012) (noting defendant arrested on grand jury warrant after indictment); *Brooks v. State*, 365 Ga. App. 711, 729

and is part of the State court proceedings against a criminal defendant in the State criminal justice system. Accordingly, the defendant's contention the Anti-Injunction Act does not apply is meritless, and to enjoin such proceedings at this time is not authorized under the Anti-Injunction Act.

Even as he makes the above argument, the defendant also seems to suggest that the Anti-Injunction Act does apply, but the Court is permitted to enjoin the District Attorney pursuant to an exception to the Act. Specifically, citing *Davis Int'l, LLC v. New Start Grp. Corp*, 367 F. Appx. 334, 337 (3rd Cir. 2010), the defendant contends his arrest is somehow an attempt to circumvent the removal statute, which invokes an exception to the Act warranting the grant of an injunction. In *Davis*, the court found a party's re-filing of a state court action intended to circumvent the removal statute *could* be subject to an anti-suit injunction. Id. That rationale for employing an exception to the Act is inapplicable here. The State of Georgia is merely following routine procedure in a pending criminal prosecution in seeking the arrest of an indicted defendant in a case now pending before the Superior Court of Fulton County. Such action on the part of the State does not preclude this Court from considering removal on August 28, 2023, or otherwise interfere with this

---

(2022) (noting the procedural history of the case that defendant was arrested on grand jury warrant after indictment).

Court's authority to remove the case to federal court if the Court finds reason to do so.

Similarly, the defendant's claim that injunctive relief is appropriate to protect the defendant's right to removal and the Court's jurisdiction and orderly consideration of the pending notice is also meritless.[11] Lawfully arresting the defendant on felony charges after allowing the defendant ample time to negotiate a surrender neither deprives the defendant of the ability to seek removal nor does it impact this Court's jurisdiction to consider removal. Arresting the defendant is simply the next step in the State criminal process against the defendant, a process that, pursuant to § 1455, does not pause pending the Court's ruling on the defendant's notice of removal.

Further, even assuming the Court grants the defendant's motion to remove his case to federal court, the prosecution against the defendant remains and the defendant is still subject to arrest and detention for the offenses for which he has been indicted. Accordingly, the defendant's request to enjoin the District Attorney from arresting or causing to have the defendant arrested is futile and the Court should DISMISS or DENY the defendant's motion in this respect, as appropriate.

---

[11] Doc. [17] at 12.

## Conclusion

28 U.S.C. § 1455 requires that the Court hold an evidentiary hearing on the defendant's notice to remove his case from state court to federal court. Accordingly, the defendant's request that the Court decide the issue immediately "on the papers" is incompatible with the statutory requirements of removal of a criminal case. Further, the defendant has failed to demonstrate he has suffered irreparable harm warranting federal intervention in his case and has cited no authority authorizing this Court to prevent his lawful arrest. The hardship facing the defendant is no different than any other criminal defendant charged with a crime, including his co-defendants who have either already surrendered to Fulton County Authorities or have agreed to so surrender in the time allotted by the District Attorney. Additionally, the Superior Court of Fulton County has already issued an arrest warrant for the defendant and the Court is not authorized to enjoin such action pursuant to 28 U.S.C. § 2283. Accordingly, this Court should **DISMISS or DENY** the Defendant's motion, as appropriate.

Respectfully submitted this 23rd day of August, 2023.

FANI T. WILLIS
DISTRICT ATTORNEY
ATLANTA JUDICIAL CIRCUIT

By:

By: s/ F. McDonald Wakeford
F. McDonald Wakeford
Chief Senior Assistant District Attorney
Atlanta Judicial Circuit
Georgia Bar No. 414898
136 Pryor Street SW, Third Floor
Atlanta, Georgia 30303
fmcdonald.wakeford@fultoncountyga.gov

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that this pleading complies with the Local Rules of this Court, including Local Rules 5.1.C and 7.1.D (N.D. Ga.) in that it is double-spaced and composed in 14-point Times New Roman font.

This 23rd day of August 2023.

s/ F. McDonald Wakeford
F. McDonald Wakeford
Chief Senior Assistant District Attorney
Atlanta Judicial Circuit
Georgia Bar No. 414898
136 Pryor Street SW, Third Floor
Atlanta, Georgia 30303
Fmcdonald.wakeford@fultoncountyga.gov

## CERTIFICATE OF SERVICE

I hereby certify the foregoing was served upon the following by email:

Joseph M. Englert
McGuire Woods LLP
1230 Peachtree Street NE, Suite 2100
Atlanta GA 30309

(404) 443-5500
jenglert@mcguirewoods.com

George J. Terwilliger
John S. Moran
Michael Francisco
McGuire Woods LLP
888 16th Street NW, Suite 500
Washington, DC 20006
(202) 857-1700
gterwilliger@mcguirewoods.com
jmoran@mcguirewoods.com
mfrancisco@mcguirewoods.com

Dated this 23rd day of August, 2023.

        *s/ F. McDonald Wakeford*

        F. McDonald Wakeford