# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| **THE STATE OF GEORGIA,** <br><br> **v.** <br><br> **MARK R. MEADOWS,** <br><br> Defendant. | **CIVIL ACTION FILE** <br><br> **No. 1:23-CV-03621-SCJ** <br><br> **RE: NOTICE OF REMOVAL OF FULTON COUNTY SUPERIOR COURT INDICTMENT NO. 23SC188947** |

## ORDER

This matter appears before the Court on Defendant Mark Meadows's Emergency Motion for Immediate Removal or to Prohibit his Arrest.[1] Doc. No. [17]. Having reviewed the Motion and the Fulton County District Attorney's Office's response in opposition (Doc. No. [23]), the Court **DENIES** Meadows's Motion.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

Meadows seeks to stay his upcoming arrest on Friday, August 25, 2023.[2] Doc. No. [17], 1. Meadows argues that his federal officer status and federal immunity defense protect him from being arrested and being brought to trial in state court. Id. at 2–3. He further specifies that issuing a stay of the Fulton County proceedings, including his upcoming arrest, is consistent with and facilitates the purposes of these federal officer protections. Id. Meadows urges the Court to bypass the evidentiary hearing on his removal and assume federal jurisdiction over the case (with the understanding that the Court then can reconsider such decision after the hearing previously scheduled occurs). Id. at 5–6. Alternatively, Meadows requests the Court to enter an injunction against District Attorney Fani Willis enjoining her from executing Meadows's arrest until after the August 28 hearing. Id. at 9–13.

As the Court indicated in its summary remand order, "the filing of a notice of removal of a criminal prosecution under Section 1455 'shall not prevent the State court in which such prosecution is pending from proceeding further[.]'"

---

[2] The Court incorporates its previous discussion of the factual and procedural background from its order denying summary remand and requiring the Parties to appear at an evidentiary hearing on August 28, 2023. See Doc. No. [6].

Doc. No. [6], 6 (quoting 28 U.S.C. § 1455(b)(3)). Meadows cites two cases in support of his argument that the Court can bypass the evidentiary hearing anticipated in Section 1455(b)(5). Doc. No. [17], 5 (citing New York v. Tanella, 239 F. Supp. 2d 291, 295 (E.D.N.Y. 2003) and City of Jackson v. Jackson, 235 F. Supp. 2d 532, 534 & n.2 (S.D. Miss. 2002)). The Court finds neither citation to be persuasive.[3]

In Tanella, the parties consented to the facts alleged in the removal and agreed an evidentiary hearing was not necessary. 239 F. Supp. 2d at 295 ("[B]oth the State and defendant agree that no evidentiary hearing is necessary because there is no disagreement about the facts relevant to the court's determination of the removal issue."). In this case, however, there is no similar agreement and neither Party has indicated that an evidentiary hearing is unneeded. Doc. No. [23].

---

[3] While the District Attorney's Office correctly indicates that these cases occurred prior to the enactment of 28 U.S.C. § 1455 (Doc. No. [23], 4), the Court understands that the removal provisions for criminal proceedings were previously found in 28 U.S.C. § 1446. The removal statutes were amended in 2011 to create separate statutory provisions for criminal and civil removal actions, but the relevant substance of the criminal removal provision was not altered in this amendment process. See 28 U.S.C. § 1446(c)(1) (2011) (specifying the same procedures for removal of criminal prosecutions as Section 1455(b)).

Likewise, Jackson does not convince the Court of Meadows's argument because in that case, the district court did not mention the criminal removal procedures, let alone an evidentiary hearing. Such omission was appropriate however because federal removal had already been ordered and the court was merely determining if the federal immunity defense would result in a dismissal of the criminal case. See 235 F. Supp. 2d at 534. Here, conversely, the Court has not yet made its determination on removal and thus Jackson's persuasiveness is limited.

Section 1455's statutory language makes clear that an evidentiary hearing is to be conducted once a summary remand order has been entered. 28 U.S.C. § 1455(b)(5). As Meadows's arguments and cases cited to the contrary are not persuasive, the Court denies Meadows's request for the Court to decide its jurisdiction over his criminal case before holding an evidentiary hearing.

Meadows alternatively requests that the Court enjoin District Attorney Fani Willis from enforcing the arrest warrant against him until after the August 28 evidentiary hearing. Doc. No. [17], 9–16. The Court denies this request. While Meadows's imminent arrest may present an actual injury, there are strong countervailing reasons to not enjoin the state criminal proceedings (e.g.,

abstention doctrines and principles of federalism). Section 1455 reinforces this conclusion by clearly requiring state criminal proceedings continue until the federal court has assumed jurisdiction and notified the state court. 28 U.S.C. § 1455(b)(3), (5). Indeed, in another case involving the removal of a criminal prosecution, a criminal defendant proceeded to *trial* even after a notice of removal had been filed pursuant to Section 1455.[4] Simmons v. City of Warren, No. CV 19-11531, 2020 WL 520956, at *1 n.2 (E.D. Mich. Jan. 6, 2020), report and recommendation adopted, No. 19-11531, 2020 WL 515866 (E.D. Mich. Jan. 31, 2020). Thus, the Court determines that, the clear statutory language for removing a criminal prosecution, does not support an injunction or temporary stay prohibiting District Attorney Willis's enforcement or execution of the arrest warrant against Meadows.

---

[4] While the Court understands Meadows's argument that the federal immunity defense includes an immunity against arrest, the statutory language of Section 1455(b)(3) is clear that the state court proceedings continue until the Court has assumed jurisdiction over the case—a determination that, in fact, requires assessing whether Meadows asserts a colorable federal defense. The Court has made no determinations at this time about the viability of Meadows's defense, and leaves such findings for after the evidentiary hearing.

For the foregoing reasons, the Court **DENIES** Meadows's Emergency Motion (Doc. No. [17]).[5]

**IT IS SO ORDERED** this 23rd day of August, 2023.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

---

[5] Meadows furthermore suggests that "the Court *could* construe this motion as a petition for a writ of habeas corpus." Doc. No. [17], 16 n.3. The Court declines to so construe Meadows's Motion.

6