IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |
|---|---|
| THE STATE OF GEORGIA,<br><br>v.<br><br>MARK R. MEADOWS,<br><br>      *Defendant.* | Case No. 1:23-cv-03621-SCJ |

**NOTICE OF DEFENDANT MARK R. MEADOWS
RE RECENT STATE-COURT FILINGS**

Defendant Mark R. Meadows respectfully submits this notice to bring to the Court's attention a recent order and filings in the underlying state criminal proceedings that bear on the State's prosecution of Mr. Meadows and reinforce the need for a prompt decision on permitting removal (and so notifying the state court).

On Thursday, August 24, 2023, the state court set a trial date of October 23, 2023—***53 days from today***—for another defendant, Kenneth J. Chesebro, who moved for a speedy trial under O.C.G.A. § 17-7-170(a). Case Specific Scheduling Order (Exhibit A). The Order set prompt pre-trial deadlines, but advised that, "[a]t this time, these deadlines do not apply to any co-defendant." *Id.* at 1.

On Tuesday, August 29, 2023, the State filed a *Motion to Clarify or, in the Alternative, Partially Set Aside Case Specific Scheduling Order Entered on August*

1

*24, 2023* (Exhibit B). The State argues "that severance is improper at this juncture and that all Defendants should be tried together." *Id.* at 2. It asks the Court to "set aside its Case Specific Scheduling Order entered on August 24, 2023, to the extent that the Order states, '[a]t this time, these deadlines do not apply to any co-defendant.'" *Id.* at 4. If granted, this relief would require all defendants, including Mr. Meadows, to ***go to trial in state court in less than two months***. Under the August 24 order, it would also set a series of fast-approaching pre-trial deadlines:

(1) <u>Arraignment</u>: Unless waived, arraignment will occur on September 6, 2023.

(2) <u>Discovery</u>: Discovery from all parties is due by September 20, 2023.

(3) <u>Motions</u>: All motions (other than motions in limine) are due by September 27, 2023.

(4) <u>Case Management/Pretrial Conference</u>: September 29, 2023.

(5) <u>Motions Hearing Date(s)</u>: TBD.

(6) <u>Trial</u>: To begin October 23, 2023.

Ex. A, at 1.

Then yesterday, on Wednesday, August 30, 2023, the State filed a *Motion for Court to Advise Defendants of Effects of Speedy Trial Demand Upon Evidentiary and Procedural Rights and Brief in Support* (attached as Exhibit C). There, the State

sets forth its position that, "under Georgia law, the Defendants' decision to file a speedy trial demand limits certain of their options in the case, namely:

1) The Defendants cannot now argue that they are entitled to the State's discovery responses ten (10) days in advance of trial. *Smith v. State*, 257 Ga. App. 88, 90 (2002); *Ruff v. State*, 266 Ga. App. 694, 695 (2004);

2) The Defendants cannot now argue that they are entitled to notice of the State's similar transaction evidence ten (10) days in advance of trial. *Brown v. State*, 275 Ga. App. 281, 287 (2005);

3) The Defendants are now precluded from calling any witnesses whose statements were not provided to the State at least ten (10) days in advance of trial. *Clark v. State*, 271 Ga. App. 534, 536 (2005); and

4) The Defendants cannot now complain that they received less than seven (7) days notice of the trial date in this case. *Linkous v. State*, 254 Ga. App. 43, 47 (2002)."

Ex. C., at 2. The State's motion also asks for the Court to order the Defendants, presumably including Mr. Meadows since the State does not differentiate,[1] to appear in state court "on the record," to be admonished about the consequences of demanding a speedy trial and the loss of procedural rights that (at least in the State's telling) will occur as a result. *Id.* at 9; *see also id.* at 10 ("By filing a statutory speedy trial demand, the Defendants elected to proceed to trial without the benefit of the type of prior notice of the State's discovery and similar transaction evidence that

---

[1] Mr. Meadows has not moved for a speedy trial under Georgia law.

3

would have otherwise been afforded to them. . . . Should the Defendants in this case desire to proceed to trial under these circumstances, then they should be required to confirm it, personally and on the record, prior to trial.").

These filings highlight that, if Mr. Meadows is entitled to removal but removal is not promptly effectuated, he will be substantially prejudiced and subjected to the very burdens of state-court litigation from which federal law relieves him upon notification to the state court. *See* 28 U.S.C. §§ 1442(a)(1), 1455(b)(5).

Dated: August 31, 2023

Respectfully submitted,

*/s/ George J. Terwilliger III*

Joseph M. Englert
MCGUIREWOODS LLP
1230 Peachtree St., N.E., Suite 2100
Atlanta, GA 30309
(404) 443-5500
Jenglert@mcguirewoods.com

George J. Terwilliger, III\*
John S. Moran\*
Michael Francisco\*
Robert J. Bittman\*
Emily Erb Kelley\*
Francis J. Aul\*
MCGUIREWOODS LLP
888 16th Street NW, Suite 500
Washington, DC 20006
(202) 857-1700
gterwilliger@mcguirewoods.com
jmoran@mcguirewoods.com
mfrancisco@mcguirewoods.com
rbittman@mcguirewoods.com
ekelley@mcguirewoods.com
faul@mcguirewoods.com
\* Admitted *Pro Hac Vice*

*Counsel to Mark R. Meadows*

## CERTIFICATE OF SERVICE

On August 31, 2023, the foregoing *Notice of Defendant Mark R. Meadows re Recent State-Court Filings* was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

This, the 31st day of August, 2023.


 /s/ John S. Moran

John S. Moran*
MCGUIREWOODS LLP
888 16th Street NW, Suite 500
Washington, DC 20006
(202) 857-1700
jmoran@mcguirewoods.com
* Admitted *Pro Hac Vice*

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that 14-point Times New Roman font was used for this document and that it has been formatted in compliance with Local Rule 5.1.

This, the 31st day of August, 2023.

/s/ John S. Moran

John S. Moran*
MCGUIREWOODS LLP
888 16th Street NW, Suite 500
Washington, DC 20006
(202) 857-1700
jmoran@mcguirewoods.com
* Admitted *Pro Hac Vice*