# Exhibit B

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| STATE OF GEORGIA | |
| | CASE NO. |
| v. | |
| | 23SC188947 |
| DONALD JOHN TRUMP, | |
| RUDOLPH WILLIAM LOUIS GIULIANI, | |
| JOHN CHARLES EASTMAN, | |
| MARK RANDALL MEADOWS, | |
| KENNETH JOHN CHESEBRO, | |
| JEFFREY BOSSERT CLARK, | |
| JENNA LYNN ELLIS, | |
| RAY STALLINGS SMITH III, | |
| ROBERT DAVID CHEELEY, | |
| MICHAEL A. ROMAN, | |
| DAVID JAMES SHAFER, | |
| SHAWN MICAH TRESHER STILL, | |
| STEPHEN CLIFFGARD LEE, | |
| HARRISON WILLIAM PRESCOTT FLOYD, | |
| TREVIAN C. KUTTI, | |
| SIDNEY KATHERINE POWELL, | |
| CATHLEEN ALSTON LATHAM, | |
| SCOTT GRAHAM HALL, | |
| MISTY HAMPTON a/k/a EMILY MISTY HAYES | |
| Defendants. | |

## MOTION TO CLARIFY OR, IN THE ALTERNATIVE, PARTIALLY SET ASIDE CASE SPECIFIC SCHEDULING ORDER ENTERED ON AUGUST 24, 2023

**COMES NOW**, the State of Georgia, by and through Fulton County District Attorney Fani T. Willis, and requests this Honorable Court to clarify or, in the alternative, partially set aside its Case Specific Scheduling Order entered on August 24, 2023, to the extent that the Order states, "[a]t this time, these deadlines do not apply to any co-defendant," for the reasons set forth below.

On August 14, 2023, a Fulton County grand jury returned an indictment charging the 19 Defendants above with 41 various charges including Violation of the Georgia RICO Act, Solicitation of Violation of Oath by Public Officer, False Statements and Writings, Forgery,

Influencing Witnesses, Computer Crimes, Conspiracy to Defraud the State, and other offenses. On August 24, 2023, Defendant Kenneth John Chesebro filed a "Demand for Speedy Trial" pursuant to O.C.G.A. § 17-7-170(a). On the same day, in response to Defendant Chesebro's speedy trial demand, the State of Georgia filed a motion to "specially set the trial in this case to commence for all 19 defendants on October 23, 2023" to ensure compliance with relevant law and so that the State of Georgia may begin the process of issuing witness subpoenas. On August 25, 2023, Defendant Sidney Katherine Powell also filed a speedy trial demand. The State maintains its position that severance is improper at this juncture and that all Defendants should be tried together, but at an absolute minimum, the Court should set Defendant Powell's trial and that of any other defendant who may file a speedy trial demand on the same date as Defendant Chesebro's.

On August 24, 2023, the Court entered a Case Specific Scheduling Order setting dates certain for arraignment, discovery, motions, pretrial conference, and trial in this matter. The Order states, "[a]t this time, these deadlines do not apply to any co-defendant." It is unclear to the State of Georgia from the text of the Order whether the Court's intention was to sever Defendant Chesebro's trial from the other Defendants, pursuant to the Court's discretionary authority to do so under O.C.G.A. § 17-8-4(a). It should be noted that, while at least one of the Defendants has filed a motion to sever in this matter, Defendant Kenneth John Chesebro has not, and no hearing on the issue of severance of any Defendant has been heard by the Court to date.

O.C.G.A. § 17-8-4(a) provides that "[w]hen indicted for a … for a felony … defendants may be tried jointly or separately in the discretion of the trial court." A defendant moving for severance must do "more than raise the possibility that a separate trial would provide him with a better chance of acquittal; he must establish a clear showing of prejudice." *Cain v. State*, 235 Ga. 128, 129 (1975). "In exercising its discretion, the trial court ***must consider*** three factors: (1)

whether the number of defendants creates confusion as to the law and evidence to be applied to each; (2) whether a danger exists that evidence admissible against one defendant might be considered against the other notwithstanding instructions to the contrary; and (3) whether the defenses are antagonistic to each other or each other's rights." *Robinson v. State*, 259 Ga. App. 555, 557 (2003) (emphasis added). *See also London v. State*, 247 Ga. App. 618, 620 (2001); *Shelley v. State*, 239 Ga. App. 841, 842 (1999); *Cain*, 235 Ga. at 129. "When two or more defendants are charged with identical crimes or with different offenses which are part of a common scheme or plan, they may be jointly tried in the discretion of the trial court provided such a trial does not hinder a fair determination of each defendant's guilt or innocence." *Ledbetter v. State*, 202 Ga. App. 524, 525 (1992).

In a decision from 2005, Justice Benham suggested in dicta that "[u]nder Standard 13-4.2 of the American Bar Association's Standards for Criminal Justice, a trial court may order severance of defendants *sua sponte* before trial 'if a severance could be obtained on motion of the prosecution or a defendant, or during trial if the severance is required by manifest necessity.'" *Thornton v. State*, 279 Ga. 676, 678 n.3 (2005). In that case, the *sua sponte* severance issue arose on appeal, where the defendant unsuccessfully argued that the trial court should have severed her case from her co-defendant's case mid-trial, after motions had been heard and after a record had been developed, despite the trial court's denial of her pre-trial motion for severance. The State of Georgia maintains its position that, even if the principle noted in *Thornton* might apply here, there is insufficient information before the Court for it to determine whether a motion to sever could be obtained by any of the Defendants. Where, as here, no hearing has been held and there is no evidence in the record related to the factors set forth in *Cain* and its progeny, the Court cannot sever any defendant *sua sponte* because there is not yet sufficient information before the Court

that would allow it to determine whether the number of defendants creates confusion as to the law and evidence to be applied to each, whether a danger exists that evidence admissible against one defendant might be considered against the other notwithstanding instructions to the contrary, or whether the defendants' defenses are antagonistic to each other or to each other's rights.

Accordingly, the State of Georgia respectfully seeks clarification from the Court as to whether the Court's intention was to sever Defendant Chesebro's trial from the other Defendants, pursuant to the Court's discretionary authority to do so under O.C.G.A. § 17-8-4(a). Further, if the Court's intention indeed was to sever Defendant Chesebro's trial from the other Defendants, because Defendant Chesebro has not filed a motion to sever and because the Court has held no hearing on a motion to sever, the State of Georgia respectfully requests that the Court set aside its Case Specific Scheduling Order entered on August 24, 2023, to the extent that the Order states, "[a]t this time, these deadlines do not apply to any co-defendant." The State of Georgia further respectfully requests that the Court set a deadline for any Defendant wishing to file a motion to sever, allow the parties, including the State of Georgia, sufficient time to brief the severance issue, and hold a hearing on any filed motion to sever so that the Court may consider the factors set forth in *Cain* and its progeny, as required by Georgia law.

Respectfully submitted this 29th day of August 2023,

                                                **FANI T. WILLIS**
District Attorney
Atlanta Judicial Circuit

/s/ John W. "Will" Wooten
**John W. "Will" Wooten**
Deputy District Attorney
Fulton County District Attorney's Office
136 Pryor Street SW, 3rd Floor
Atlanta, Georgia 30303
will.wooten@fultoncountyga.gov

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| STATE OF GEORGIA | &#124; |
| | &#124; CASE NO. |
| v. | &#124; |
| | &#124; 23SC188947 |
| DONALD JOHN TRUMP, | &#124; |
| RUDOLPH WILLIAM LOUIS GIULIANI, | &#124; |
| JOHN CHARLES EASTMAN, | &#124; |
| MARK RANDALL MEADOWS, | &#124; |
| KENNETH JOHN CHESEBRO, | &#124; |
| JEFFREY BOSSERT CLARK, | &#124; |
| JENNA LYNN ELLIS, | &#124; |
| RAY STALLINGS SMITH III, | &#124; |
| ROBERT DAVID CHEELEY, | &#124; |
| MICHAEL A. ROMAN, | &#124; |
| DAVID JAMES SHAFER, | &#124; |
| SHAWN MICAH TRESHER STILL, | &#124; |
| STEPHEN CLIFFGARD LEE, | &#124; |
| HARRISON WILLIAM PRESCOTT FLOYD, | &#124; |
| TREVIAN C. KUTTI, | &#124; |
| SIDNEY KATHERINE POWELL, | &#124; |
| CATHLEEN ALSTON LATHAM, | &#124; |
| SCOTT GRAHAM HALL, | &#124; |
| MISTY HAMPTON a/k/a EMILY MISTY HAYES | &#124; |
| Defendants. | &#124; |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of this MOTION TO CLARIFY OR, IN THE ALTERNATIVE, PARTIALLY SET ASIDE CASE SPECIFIC SCHEDULING ORDER ENTERED ON AUGUST 24, 2023, upon all counsel who have entered appearances as counsel of record in this matter via the Fulton County e-filing system.

This 29th day of August 2023,

**FANI T. WILLIS**
District Attorney
Atlanta Judicial Circuit

/s/ John W. "Will" Wooten
**John W. "Will" Wooten**
Deputy District Attorney
Fulton County District Attorney's Office
136 Pryor Street SW, 3rd Floor
Atlanta, Georgia 30303
will.wooten@fultoncountyga.gov