# Exhibit C

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| STATE OF GEORGIA | |
| | CASE NO. |
| v. | |
| | 23SC188947 |
| DONALD JOHN TRUMP, | |
| RUDOLPH WILLIAM LOUIS GIULIANI, | |
| JOHN CHARLES EASTMAN, | |
| MARK RANDALL MEADOWS, | |
| KENNETH JOHN CHESEBRO, | |
| JEFFREY BOSSERT CLARK, | |
| JENNA LYNN ELLIS, | |
| RAY STALLINGS SMITH III, | |
| ROBERT DAVID CHEELEY, | |
| MICHAEL A. ROMAN, | |
| DAVID JAMES SHAFER, | |
| SHAWN MICAH TRESHER STILL, | |
| STEPHEN CLIFFGARD LEE, | |
| HARRISON WILLIAM PRESCOTT FLOYD, | |
| TREVIAN C. KUTTI, | |
| SIDNEY KATHERINE POWELL, | |
| CATHLEEN ALSTON LATHAM, | |
| SCOTT GRAHAM HALL, | |
| MISTY HAMPTON a/k/a EMILY MISTY HAYES | |
| Defendants. | |

**MOTION FOR COURT TO ADVISE DEFENDANTS OF EFFECTS
OF SPEEDY TRIAL DEMAND UPON EVIDENTIARY AND
PROCEDURAL RIGHTS AND BRIEF IN SUPPORT**

**COMES NOW**, the State of Georgia, by and through Fulton County District Attorney Fani T. Willis, and requests that this Honorable Court advise the Defendants of the effects of their speedy trial demands upon evidentiary and procedural rights and provides the following in support:

I.   **INTRODUCTION**

On August 14, 2023, a Fulton County grand jury returned an indictment charging the 19 Defendants above with 41 various charges including Violation of the Georgia RICO Act,

Solicitation of Violation of Oath by Public Officer, False Statements and Writings, Forgery, Influencing Witnesses, Computer Crimes, Conspiracy to Defraud the State, and other offenses. The statutory speedy trial demands filed thus far in the case, and any which may be filed henceforth, will affect various issues related to discovery and procedure. Accordingly, the State presents the following argument and citation of authority in order to assist the Court in resolving any dispute which may arise with regard to those matters.

## II. THE PROCEDURAL POSTURE OF THE CASE HAS BEEN DICTATED BY DEFENDANTS' SPEEDY TRIAL DEMANDS

As will be delineated *infra*, under Georgia law, the Defendants' decision to file a speedy trial demand limits certain of their options in this case, namely:

1) The Defendants cannot now argue that they are entitled to the State's discovery responses ten (10) days in advance of trial. *Smith v. State*, 257 Ga. App. 88, 90 (2002); *Ruff v. State*, 266 Ga. App. 694, 695 (2004);

2) The Defendants cannot now argue that they are entitled to notice of the State's similar transaction evidence ten (10) days in advance of trial. *Brown v. State*, 275 Ga. App. 281, 287 (2005);

3) The Defendants are now precluded from calling any witnesses whose statements were not provided to the State at least ten (10) days in advance of trial. *Clark v. State*, 271 Ga. App. 534, 536 (2005); and

4) The Defendants cannot now complain that they received less than seven (7) days notice of the trial date in this case. *Linkous v. State*, 254 Ga. App. 43, 47 (2002).

## III. PROCEDURAL HISTORY OF THIS CASE

On August 23, 2023, the Defendant, Kenneth John Chesebro opted into the discovery provisions of O.C.G.A. § 17-16-1, et seq. ("the discovery statute.") and on August 24, 2023, filed a "Demand for Speedy Trial" pursuant to O.C.G.A. § 17-7-170(a). On August 25, 2023, Defendant Sidney Katherine Powell filed a "Demand for Speedy Trial" pursuant to O.C.G.A. § 17-7-170(a).

On August 24, 2023, pursuant to the Defendants' demand for speedy trials, this Court set October 23, 2023, as the trial date for this case. Notice of the trial date was distributed by this Court on August 24, 2023.

Notwithstanding the constraints foisted upon it by the Defendants' speedy trial demands, the State, in the spirit of good faith, has begun the process of supplying the Defense with responses to its discovery requests. Those efforts have included contacting each attorney of record for the separate Defendants who have filed an entry of appearance pursuant to Uniform Superior Court Rule 4.2 and requesting that these attorneys provide an electronic storage device of a capacity of at least two terabytes for copying of the initial batch of discovery. Counsel for the State has further requested that each Defendant, through his or her attorney, provide this electronic storage device to the Fulton County District Attorney's Office by the close of business on Tuesday, September 5, 2023, and has informed these attorneys that the initial batch of discovery will then be served on or about September 15, 2023.

## IV.   THE DEFENSE HAS WAIVED "10 DAYS NOTICE" OF DISCOVERY

By filing their speedy trial demands in this case, the Defendants have personally, willfully and deliberately narrowed numerous options that would otherwise be available to them under Georgia law. In connection with any rights under O.C.G.A. § 17-16-1, *et seq.*, the Defendants have effectively waived any claim to access to the State's file information ten (10) days in advance of trial. *Smith v. State*, 257 Ga. App. 88, 90 (2002), *vacated/overruled on other grounds at Patterson v. State*, 278 Ga. App. 168 (2006); *Hughes v. State*, 302 Ga. App. 251 (2010).

The remedies for the State's failure to comply with the reciprocal discovery requirements include a continuance and, "upon a showing of prejudice and bad faith," exclusion of the evidence not disclosed. O.C.G.A. § 17-16-6. Excluding evidence is a particularly "harsh sanction" that

should be imposed only where there is a showing of **_both prejudice to the defense and bad faith by the State_**. *Higuera-Hernandez v. State*, 289 Ga. 553, 557 (2011). Criminal defendants are <u>obligated</u> to request a continuance to cure any possible prejudice from the State's failure to comply with the Discovery Statute. *Major v. State*, 306 Ga. App. 342, 343 (2010) *cert. denied at* 2011 Ga. LEXIS 205 (Ga. Feb. 28, 2011).

In cases like this, where the defendants have elected to file a statutory speedy trial demand, Georgia appellate courts approve of trial judges providing defendants with two options: (1) Go to trial without a review of discovery; or (2) Waive the speedy trial demand and seek a continuance. *Ruff v. State*, 266 Ga. App. 694, 695 (2004), *cert. denied at* 2004 Ga. LEXIS 737 (Ga. Sept. 7, 2004). Significantly, in *Ruff*, the Court stated unequivocally that the defense is, "obliged to request a continuance to cure any prejudice." *Id*.

In a case involving a defendant's statutory demand for speedy trial, the Georgia Supreme Court unanimously affirmed a defendant's conviction where the trial court: (1) denied the defendant's continuance request; and (2) denied the defendant's motion to exclude all State's evidence not supplied ten (10) days prior to trial:

> Under all of the circumstances, we find that the trial court did not abuse its broad discretion under OCGA § 17-16-6 by denying a continuance and refusing the harsh remedy of evidence exclusion for the untimeliness of discovery. Instead, the court used its judgment to fashion a remedy appropriate <u>to a case in which there was a speedy trial demand</u> and no other reasonable time to proceed with the rather lengthy trial within the constraints of that demand.

*Higuera-Hernandez v. State*, 289 Ga. 553, 559 (2011) (emphasis added) (internal citations and quotations omitted).

In this case, if the Defendants do not seek a continuance or waive their speedy trial demand, they cannot claim any error in proceeding to trial without the State's discovery responses.

Consequently, the Defense has barred itself from objecting to the introduction of witness testimony and evidence on the grounds of lack of due notice.

The State respectfully requests that this Court rule in accord with the foregoing case law and that it require that the Defendants personally place upon the record that this is their decision and preference to proceed in this fashion prior to the trial of this case.

### V. THE DEFENSE HAS WAIVED "10 DAYS NOTICE" ON SIMILAR TRANSACTION EVIDENCE

Significantly, a similar waiver is evident under Georgia law when it comes to notice provisions of U.S.C.R. 31.1, pertaining to similar transaction evidence. Where, as here, a criminal defendant files a speedy trial demand, Georgia law states that he can no longer claim that he is owed "ten (10) days notice" in advance of trial of the State's similar transaction evidence. *Brown v. State*, 275 Ga. App. 281, 287 (2005), *cert. denied at* 2006 Ga. LEXIS 33 (Ga. Jan. 17, 2006). Again, the Defendants in this case, have not sought a continuance or waived their speedy trial demand. As such, they cannot claim any error in proceeding to trial without ten (10) days notice of the State's similar transaction evidence. Accordingly, the Defense has waived its objections to the introduction of similar transaction evidence on the basis of insufficient notice.

The State respectfully requests that this Court rule in accord with the foregoing case law and that it require that the Defendants personally place upon the record that this is their decision and preference to proceed in this fashion prior to the trial of this case.

### VI. THE RESTRICTIONS ON THE DEFENDANTS' PRESENTATION OF EVIDENCE OTHER THAN THEIR OWN TESTIMONY

As the case at bar was set for trial pursuant to the Defendants' speedy trial demands, our appellate courts approve of precluding the Defense from calling any witnesses whose statements

were not provided to the State at least ten (10) days in advance of trial. *Clark v. State*, 271 Ga. App. 534, 536 (2005), *cert. denied at* 2005 Ga. LEXIS 465 (Ga. June 30, 2005). *See also* O.C.G.A. § 17-16-7 (ten (10) day rule for witness statements); O.C.G.A. § 17-16-8 (five (5) day rule for witness information); O.C.G.A. § 17-16-8 (five (5) day rule for physical evidence).

In *Clark*, the conviction against a defendant who proceeded to trial without calling his witnesses was upheld. Significantly, the Court of Appeals approved of the trial court requiring the defense to choose between: (1) Waiving its speedy trial demand and seeking a continuance; or (2) proceeding to trial without defense witnesses not provided to the State. *Clark* at 536.

In this case, the rule of *Clark* should be applied to preclude the Defense from calling any witnesses whose statements were not served upon the State ten (10) or more days in advance of trial. Similarly, the Defense should be prohibited from admitting any evidence that was not served upon the State five (5) days or more in advance of trial.

The importance of a defendant seeking a continuance and waiving a speedy trial demand in order to obtain information potentially vital to the defense was underscored in *Dingler v. State*, 281 Ga. App. 721 (2006). In *Dingler*, the defendant specifically sought a continuance in order to obtain a court appointed expert to review the State's DNA evidence. The *Dingler* defendant's commensurate motions characterized the State's DNA test results as, "the State's *only evidence* against [Dingler]." *Dingler* at 722 (emphasis added). Importantly, the trial court in *Dingler* did not provide the same two options (go to trial without the evidence in question or waive the speedy trial demand and seek a continuance) approved of in *Ruff* and *Clark*. Instead, the judge in *Dingler* denied, "out-of-hand," the continuance request and refused to entertain the "timely" motion for funds to allow independent review of the State's DNA testing. Under *Dingler*'s specific circumstances, the conviction was reversed. *Dingler* at 723 ("Further, the record shows that

Dingler timely sought an expert to assist him in challenging the admissibility of the State's DNA identification evidence. *Without such an expert, [Dingler] was left with no witness on his behalf.*") (emphasis added).

Once again, in the instant case, the Defense has not, to date, sought a continuance of any kind. As such, by its own election, the Defense has determined that it is in its own best interest to proceed to trial without full benefit of the State's discovery responses or the presentation of evidence that might support its contentions. Furthermore, *Dingler* is inapposite. There is no Defense request for a continuance in order to procure funding for expert testimony analysis pertaining to a "sole defense," *a la Dingler*, present or indicated here.

Accordingly, the State respectfully requests that this Court rule in accord with the foregoing case law and require that the Defendants personally place upon the record that this is their decision and preference to proceed in this fashion prior to the trial of this case.

### VII.   THE DEFENDANTS CANNOT COMPLAIN ABOUT LESS THAN SEVEN DAYS NOTICE OF A TRIAL DATE

While it is true that U.S.C.R. 32.1 generally requires that notice of trial "not less than 7 days before the trial date or dates," the Georgia Supreme Court has held that, "compliance with Rule 32.1 must be judged in the circumstances of each case." *Higuera-Hernandez v. State*, 289 Ga. 553, 558 (2011). In *Higuera-Hernandez,* a unanimous Georgia Supreme Court affirmed the convictions of a defendant who filed a statutory speedy trial demand and who, as a consequence, did not receive seven (7) days notice of the trial date:

> Furthermore, it was apparent that ***by his demand for trial [Appellant] had shortened the time for trial*** which constituted a factor for the trial court to consider when setting the trial date. The trial court's statements during its colloquy with counsel were tantamount to a ruling that its calendar did not reasonably allow for Appellant's case to be continued within the time permitted by OCGA § 17-7-170 and that therefore his demand for speedy trial could not be met if a continuance was

granted. ***In other words, the trial court was attempting to comply with the demand for trial, <u>and the only way to do so was by deviating from the notice requirement of USCR 32.1</u>***.

*Higuera-Hernandez v. State*, 289 Ga. 553, 559 (2011) (emphasis added) (internal citations and quotations omitted).

The Defendants' decision to proceed with a demand for speedy trial in this case also precludes them from arguing that they received less notice of the trial date as is generally required by U.S.C.R. 32.1. Where, as in this case, a trial court is attempting to comply with a speedy trial demand, deviations from U.S.C.R. 32.1 are authorized. *Linkous v. State*, 254 Ga. App. 43, 47 (2002), *affirmed sub nomine on other grounds at Jones v. State*, 276 Ga. 171 (2003). Under the circumstances of this case, the Defendants who have filed a speedy trial demand, and any who may file a speedy trial demand, cannot complain that they did not receive sufficient notice of the trial date, should it be in less than seven (7) days in advance of trial. Their filing of a statutory speedy trial demand precludes such an argument.

The State respectfully requests that this Court rule in accord with the foregoing case law and that it require that the Defendants personally place upon the record that this is their decision and preference to proceed in this fashion prior to the trial of this case.

VIII.  **THE DEFENDANTS SHOULD BE ADDRESSED DIRECTLY IN ORDER TO RULE OUT THE POTENTIAL FOR INDUCED ERROR**

In *Hubert v. State*, 297 Ga. App. 71 (2009) *cert. denied at* 2009 Ga. LEXIS 583 (Ga. Sept. 8, 2009), the defendant filed a statutory demand for speedy trial and received the State's discovery responses only seven (7) days prior to trial. Noting that the defense in that case had announced "we're ready" for trial, the Georgia Court of Appeals rejected the notion that the defendant in

*Hubert* was forced to make a "Hobson's Choice," requiring him to decide whether he desired to proceed to trial on the day his case was called:

> [Defendant] contends that the trial court effectively prevented him from withdrawing his demand for speedy trial and requesting a continuance. [Defendant's] assertion is not supported by the record and completely lacks merit.

*Hubert* at 440.

The Defendants in this case should be asked, directly and on the record, as to whether, knowing of the consequences to their defense, it is their decision and preference to go forward to trial at this time. Should they refuse to waive their speedy trial demand and request a continuance, then any harm to the Defendants would be invited by the Defense and, therefore, not reversible error. *Hubert v. State*, 297 Ga. App. at 440 ("[S]elf-induced error is not grounds for reversal.").

## IX.  CONCLUSION

In connection with statutory speedy trial demands, the Georgia Court of Appeals explicitly enunciated that the pleadings cannot be used collusively:

> Contrary to the view of some, our legal system is not simply an elaborate game of "Gotcha!" This Court does not endorse acquittal by ambush on the part of a defendant any more than it does trial by ambush on the part of the State. Nor do we condone induced error. The object of all legal investigation is the truth, and procedural rules are in place to further such goal in an orderly fashion.

*Price v. State*, 245 Ga. App. 128, 134 (2000) *cert. denied at* 2000 Ga. LEXIS 831 (Ga. Oct. 27, 2000); *Jones v. State*, 276 Ga. 171, (2003) *cert. denied at* 2002 Ga. LEXIS 594 (Ga. June 27, 2002). The State is entitled to a fair trial as well as the Defense.[1]  A defendant who does not possess

---

[1] Cases requiring the State to consent to a waiver of jury trial reflect this. *See, e.g., Zigan v. State*, 281 Ga. 415, 417 (2006) ("Although appellants' waiver of the right to trial by jury appears adequate, the refusal of the prosecution to consent left the trial court with no choice but to deny the demand."); *State v. Henderson*, 283 Ga. App. 111, 112 (2006) ("As our Supreme Court recently made clear, a defendant has no unilateral right to have his criminal case decided by a bench trial without the acquiescence of the State."). Similarly, cross-examination rights have been even-handedly applied to the State as well the criminal defendant. *Richardson v. State*, 305 Ga. App. 363, 366 (2010) ("The State, like any other party, has the right to conduct a thorough and sifting cross-examination and to pursue the specifics of a

discovery materials cannot file a statutory speedy trial demand and then claim that the State's evidence should be excluded on the basis of this Court adhering to that same demand and scheduling accordingly. In other words, this Court should not be transformed into a forum for, "*Gotcha*."

By filing a statutory speedy trial demand, the Defendants elected to proceed to trial without the benefit of the type of prior notice of the State's discovery and similar transaction evidence that would have otherwise been afforded to them. Similarly, that decision also cost the Defendants the use to any evidence not timely served upon the State. It also prevents the Defendants from arguing that they received insufficient notice of the trial date in this case. Should the Defendants in this case desire to proceed to trial under these circumstances, then they should be required to confirm it, personally and on the record, prior to trial.

**WHEREFORE**, the State respectfully requests that this Honorable Court advise the Defendants of the effects of their speedy trial demands upon evidentiary and procedural rights, enter ruling and proceed in this case consistent with the arguments, requests and Georgia law as stated herein, and for such other and further relief as this Court deems just and proper.

Respectfully submitted this 30th day of August 2023,

                                                        **FANI T. WILLIS**
                                                        District Attorney
                                                        Atlanta Judicial Circuit

                                                       /s/ F. McDonald Wakeford
                                                       **F. McDonald Wakeford**
                                                        **Georgia Bar No. 414898**
                                                       Chief Senior Assistant District Attorney

---

topic the defendant introduced."). *See also* Rosenthal, Lawrence, *Policing and Equal Protection*, 21 Yale L. & Pol'y Rev. 53, 53-7, 62-78 (2003) (emphasis added) (arguing that the Equal Protection Clause ensures a right of citizens to "security against lawbreakers": "The guarantee of equal protection is not only a constraint on the manner in which the government imposes obligations or distributes its largesse; ***it also contains an affirmative command with respect to the manner in which the government protects people from crime***.").

        Fulton County District Attorney's Office
        136 Pryor Street SW, 3rd Floor
        Atlanta, Georgia 30303
        fmcdonald.wakeford@fultoncountyga.gov

        <u>/s/ John W. "Will" Wooten</u>
        **John W. "Will" Wooten**
        **Georgia Bar No. 410684**
        Deputy District Attorney
        Fulton County District Attorney's Office
        136 Pryor Street SW, 3rd Floor
        Atlanta, Georgia 30303
        will.wooten@fultoncountyga.gov

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| STATE OF GEORGIA | CASE NO. |
| v. | |
| | 23SC188947 |
| DONALD JOHN TRUMP, | |
| RUDOLPH WILLIAM LOUIS GIULIANI, | |
| JOHN CHARLES EASTMAN, | |
| MARK RANDALL MEADOWS, | |
| KENNETH JOHN CHESEBRO, | |
| JEFFREY BOSSERT CLARK, | |
| JENNA LYNN ELLIS, | |
| RAY STALLINGS SMITH III, | |
| ROBERT DAVID CHEELEY, | |
| MICHAEL A. ROMAN, | |
| DAVID JAMES SHAFER, | |
| SHAWN MICAH TRESHER STILL, | |
| STEPHEN CLIFFGARD LEE, | |
| HARRISON WILLIAM PRESCOTT FLOYD, | |
| TREVIAN C. KUTTI, | |
| SIDNEY KATHERINE POWELL, | |
| CATHLEEN ALSTON LATHAM, | |
| SCOTT GRAHAM HALL, | |
| MISTY HAMPTON a/k/a EMILY MISTY HAYES | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of this MOTION FOR COURT TO ADVISE DEFENDANTS OF EFFECTS OF SPEEDY TRIAL DEMAND UPON EVIDENTIARY AND PROCEDURAL RIGHTS AND BRIEF IN SUPPORT, upon all counsel who have entered appearances as counsel of record in this matter via the Fulton County e-filing system.

This 30th day of August 2023,

**FANI T. WILLIS**
District Attorney
Atlanta Judicial Circuit

/s/ F. McDonald Wakeford
**F. McDonald Wakeford**
**Georgia Bar No. 414898**
Chief Senior Assistant District Attorney
Fulton County District Attorney's Office
136 Pryor Street SW, 3rd Floor
Atlanta, Georgia 30303
fmcdonald.wakeford@fultoncountyga.gov

/s/ John W. "Will" Wooten
**John W. "Will" Wooten**
**Georgia Bar No. 410684**
Deputy District Attorney
Fulton County District Attorney's Office
136 Pryor Street SW, 3rd Floor
Atlanta, Georgia 30303
will.wooten@fultoncountyga.gov