IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |
|---|---|
| THE STATE OF GEORGIA,<br><br>v.<br><br>MARK R. MEADOWS,<br><br>*Defendant.* | Case No. 1:23-cv-03621-SCJ |

**DEFENDANT MARK R. MEADOWS'S**
**EMERGENCY MOTION FOR STAY PENDING APPEAL**

Pursuant to Civil Rule 62 and Local Rule 7.2(b), Mark R. Meadows asks this Court to stay the effect of its order, *see* Remand Order, Dkt. No. 69, which declined jurisdiction and remanded this case to state court, pending his appeal to the U.S. Court of Appeals for the Eleventh Circuit, *see* Notice of Appeal, Dkt. No. 71. Mr. Meadows intends to seek expedited review in the Court of Appeals later today.[1] He has a right to appeal, *see* 28 U.S.C. § 1447(d), and a stay of the remand order is prudent "to help prevent [this] removed case from becoming a shuttlecock, batted

---

[1] While this is a criminal case, the Court has docketed it as a civil matter. To avoid any uncertainty about the applicable rules, Mr. Meadows seeks a stay in the district court before requesting a stay from the Court of Appeals. Given the urgency of the matter, however, Mr. Meadows intends to ask for a stay from the Court of Appeals together with his request for expedited review, unless this Court grants a stay before he does so this afternoon.

1

back and forth between a state court and a federal court." *Forty Six Hundred LLC v. Cadence Educ., LLC*, 15 F.4th 70, 81 (1st Cir. 2021).

While Mr. Meadows respectfully believes the Court erred, this Court need not agree to stay the Remand Order. The Court may stay its order if Mr. Meadows has "a substantial case on the merits" and the other stay factors—irreparable harm, balance of equities, and public interest—favor a stay. *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986) (internal quotation omitted); *see also Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, No. 1:16CV534, 2016 WL 3346349, at *2 (E.D. Va. June 16, 2016) (first factor calls for the court to "determine whether there is a strong likelihood that the issues presented on appeal *could be rationally resolved* in favor of the party seeking the stay"). The Court should issue a stay here to prevent the irreparable loss of the rights that Mr. Meadows asserts under the Federal Officer Removal Statute and the Supremacy Clause.

***First***, Mr. Meadows has at least a substantial case on the merits. The Court's own order states that the case presented a "novel question," which informed the Court's decision. Remand Order at 14. The Court then relied on the State's novel theory of prosecution to distinguish numerous well-established precedents that favor removal for federal officers. But the Court of Appeals will review those issues *de novo*. *See Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 780–81 (11th Cir.

2005); *Jefferson Cnty. v. Acker*, 137 F.3d 1314, 1316 (11th Cir. 1998), *rev'd on other grounds*, 527 U.S. 423 (1999). There are several aspects of the Court's remand order that depart from ordinary removal precedent and therefore provide Mr. Meadows at least a substantial case on the merits before the Eleventh Circuit:

*Failing to Credit Mr. Meadows's Account of His Conduct and Duties*. The Supreme Court has held that federal courts must credit the removing party's theory when determining whether he acted under color of federal office. *See Jefferson Cnty. v. Acker*, 527 U.S. 423, 432 (1999). But in the Remand Order, this Court departed from that command and credited the State's allegations over Mr. Meadows's testimony or discounted Mr. Meadows's testimony. *See, e.g.*, Remand Order at 19 (crediting the State's allegations that Meadows requested a memo on "disrupting and delaying the joint session of Congress on January 6, 2021" and that he attended a meeting about election fraud in Michigan, when he presented evidence that neither event occurred); *id.* at 36 n.14 (holding that the Court would "treat the evidence propounded . . . as neutral to the determination of whether particular Overt Acts were within the scope of Meadows's federal office" because of the State's allegations).

*Inverting the Standard for Removal of "Mixed" Cases*. Both the statutory text and binding Eleventh Circuit precedent make clear that, if any portion of a prosecution is removable, the entire case is removable. *See* 28 U.S.C. § 1442(a);

3

*Nadler v. Mann*, 951 F.2d 301, 305 n.9 (11th Cir. 1992). But in the Remand Order, this Court effectively held the opposite: that the case should be remanded if there is any way the State could prove its case without relying on an official act. *See, e.g.*, Remand Order at 19 ("In sum, to establish a RICO conspiracy the State only need prove that any co-conspirator committed one overt act in furtherance of the conspiracy, whether the overt act was specifically charged in the Indictment or not. In other words, the State can prove its RICO charge against Meadows by showing any one of his co-Defendants committed *any* overt act in furtherance of the conspiracy—whether that overt act is in the Indictment or not."); *id.* at 43 (recognizing at least some alleged Overt Acts involved Meadows acting within his official duty, but still not permitting removal).

***Raising the Burden on Mr. Meadows to Justify Removal***. The threshold for removal under the Federal Officer Removal Statute is "quite low," *Caver v. Central Alabama Elecric. Cooperative*, 845 F.3d 1135, 1144 (11th Cir. 2017), and does not "demand an airtight case on the merits in order to show the required causal connection," *Acker*, 527 U.S. at 432. But in the Remand Order, this Court held Mr. Meadows to a higher standard, effectively requiring him to prove his defense and justify the full scope of his duties in order to obtain removal. *See, e.g.*, Remand Order

at 28 ("Meadows was unable to explain the limits of his authority, other than his inability to stump for the President or work on behalf of the campaign.").

There is a substantial possibility that the Eleventh Circuit will disagree with this Court on at least one of these issues, or on other issues Mr. Meadows will raise on appeal. The first factor therefore favors a stay.

***Second***, absent a stay, there is a substantial risk Mr. Meadows will be irreparably injured. Injuries are irreparable when they are "not easily measurable in monetary terms." WRIGHT & MILLER, 11A FED. PRAC. & PROC. CIV. § 2948.1 (3d ed.); *see also Cate v. Oldham*, 707 F.2d 1176, 1189 (11th Cir. 1983) (injuries are irreparable only when they cannot be remedied with money). The federal rights Meadows invokes here include freedom not only from liability—*i.e.*, conviction and incarceration—but from the burdens of a state-court defense. *See New York v. Tanella*, 374 F.3d 141, 147 (2d Cir. 2004).

The irreparable harm has already begun. Meadows was compelled to surrender on Wednesday, August 24, after the District Attorney refused a modest delay of arrest pending federal removal. Meadows has since been compelled to waive arraignment, to post a bond, and to begin preparing a defense for potential state prosecution. Meadows has sought to minimize this harm by asking the state

court to sever and stay his case. The state court held a hearing last Thursday on related issues, but to date, has not rejected the State's aggressive timeline.

At a minimum, the Court should stay the remand order to protect Meadows from a conviction pending appeal. Absent a stay, the State will continue seeking to try Meadows ***42 days from now*** on October 23, 2023. If the State gets its way, Meadows could be forced to go to trial—and could be convicted and incarcerated—*before* the standard timeline for a federal appeal would play out. The rights Meadows asserts "would be effectively nullified" if the prosecution goes forward during this appeal. *Southmark Properties v. Charles House Corp.*, 742 F.2d 862, 868 (5th Cir. 1984); *see also Davis*, 100 U.S. at 262–263 (explaining that the Supremacy Clause protects federal officials against being brought to trial in state court).

The second factor thus strongly favors a stay.

***Third***, a stay of Remand Order will not prejudice the State, nor other defendants in state court, because it would not prevent other ongoing proceedings; it would only prevent the court from entering a verdict against Meadows. And it will not prevent proceeding in state court if the State prevails on appeal. Whatever minimal burden the State faces from a stay pales in comparison to the burden on Meadows. The third factor thus strongly favors a stay.

***Finally***, a stay is in the public interest. The very premise of Supremacy Clause immunity and the Federal Officer Removal Statute is that it is vitally important to the proper functioning of our Federal Government that federal officials be free from state arrest and prosecution when carrying out their duties. *See Tennessee v. Davis*, 100 U.S. 257, 263 (1879). For the State to proceed to trial and seek to impose a verdict, it would give rise to the very "chilling effect" that federal law goes out of its way to protect against. *Tanella*, 374 F.3d at 147; *see generally In re Neagle*, 135 U.S. 1 (1890). A stay also prevents this case "from becoming a shuttlecock, batted back and forth between a state court and a federal court." *Forty Six Hundred LLC*, 15 F.4th at 81. Any public interest in faster state-court proceedings "is overshadowed by the rat's nest of comity and federalism issues which would arise should" the Eleventh Circuit agree that Mr. Meadows is entitled to removal. *See Northrop*, 2016 WL 3346349, at *4.

*   *   *   *   *

The Court should stay the Remand Order pending appeal.

| | |
|---|---|
| Dated: September 11, 2023 | Respectfully submitted,<br><br>/s/ *John S. Moran*<br><br>George J. Terwilliger, III*<br>John S. Moran*<br>Michael Francisco*<br>Robert J. Bittman*<br>Emily Erb Kelley*<br>Francis J. Aul*<br>MCGUIREWOODS LLP<br>888 16th Street NW, Suite 500<br>Washington, DC 20006<br>(202) 857-1700<br>gterwilliger@mcguirewoods.com<br>jmoran@mcguirewoods.com<br>mfrancisco@mcguirewoods.com<br>rbittman@mcguirewoods.com<br>ekelley@mcguirewoods.com<br>faul@mcguirewoods.com<br>* Admitted *Pro Hac Vice*<br><br>*Counsel to Mark R. Meadows* |
| Joseph M. Englert<br>MCGUIREWOODS LLP<br>1230 Peachtree St., N.E., Suite 2100<br>Atlanta, GA 30309<br>(404) 443-5500<br>Jenglert@mcguirewoods.com | |

## CERTIFICATE OF SERVICE

On September 11, 2023, the foregoing *Defendant Mark R. Meadows's Motion to Stay Pending Appeal* was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

This, the 11th day of September, 2023.


 /s/ John S. Moran

John S. Moran*
MCGUIREWOODS LLP
888 16th Street NW, Suite 500
Washington, DC 20006
(202) 857-1700
jmoran@mcguirewoods.com
* Admitted *Pro Hac Vice*

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that 14-point Times New Roman font was used for this document and that it has been formatted in compliance with Local Rule 5.1.

This, the 11th day of September, 2023.

/s/ John S. Moran

John S. Moran*
MCGUIREWOODS LLP
888 16th Street NW, Suite 500
Washington, DC 20006
(202) 857-1700
jmoran@mcguirewoods.com
* Admitted *Pro Hac Vice*