# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| THE STATE OF GEORGIA, | ) | |
| | ) | CIVIL ACTION NO. |
| | ) | 1:23-cv-03621-SCJ |
| | ) | |
| v. | ) | |
| | ) | RE: NOTICE OF REMOVAL |
| | ) | OF FULTON COUNTY |
| | ) | SUPERIOR COURT |
| MARK RANDALL MEADOWS | ) | INDICTMENT NO. |
| | ) | 23SC188947 |

## THE STATE OF GEORGIA'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S EMERGENCY MOTION FOR STAY PENDING APPEAL

Defendant Mark R. Meadows has moved this Court for an Emergency Motion for Stay Pending Appeal. Pursuant to this Court's Order, the State of Georgia, by and through Fulton County District Attorney Fani T. Willis, responds that the defendant's motion does not show he can carry the heavy burden required to receive such a stay. The State of Georgia respectfully asks that this Court deny the Emergency Motion.

"A stay is considered 'extraordinary relief' for which the moving party bears a 'heavy burden.'" *Larios v. Cox*, 305 F. Supp. 2d 1335, 1336 (N.D. Ga. 2004) (quoting *Winston-Salem/Forsyth Cty. Bd. Of Educ. v. Scott*, 404 U.S. 1221, 1231 (1971)). As noted by the defendant in his Motion, the applicable standard consists

of a four part test: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hand v. Scott*, 888 F.3d 1206, 1207 (11th Cir. 2018). These factors "contemplate individualized judgment in each case, [and] the formula cannot be reduced to a set of rigid rules." *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987). The State of Georgia will consider each factor in turn.

**The defendant has not made a "strong showing" that he is likely to succeed on the merits.** The first factor requires the court to "determine whether there is a strong likelihood that the issues presented on appeal could be rationally resolved in favor of the party seeking the stay." *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, No. 1:16CV534, 2016 WL 3346349, at \*2 (E.D. Va. June 16, 2016). This Court has acknowledged that "the RICO charge against Meadows presents a novel question in this case" since "[m]ost cases invoking federal officer removal involve claims based on discrete actions taken by a defendant." In resolving the question before it, this Court could thus hardly have "depart[ed] from ordinary removal precedent" as the defendant claims. Instead, over the course of 49 pages, the Court considerately and rationally applied existing precedent to the facts before it.

The defendant's purported examples of "departures" from "ordinary precedent" demonstrate as much. First, he claims that this Court "failed to credit Mr. Meadows's account of his conduct and duties." The defendant points to the Court's discussion of Overt Acts 9 and 19 at page 36 n.14 of the Remand Order, but that footnote does not support his claim. Instead, it demonstrates that the Court *did* credit the defendant's insistence that he did not participate in those two overt acts as alleged in the Indictment. However, as the Court explained with considerable care in its Order, the State is not "required to prove the overt acts as part of its burden of proof at trial." *Id.* Since the defendant had disputed the veracity of overt acts which the State was not actually required to prove, the Court merely considered them "neutral" and did not appear to give them any weight in its further analysis. *Id.* The only reason the Court considered the acts differently than other overt acts was, explicitly, the defendant's disputations made during his testimony.

Second, the defendant claims that the Court flouted precedent establishing that "if any portion of a prosecution is removable, the entire case is removable" by "effectively h[olding] the opposite." This too is inaccurate. The Remand Order explains how a case is removable if any discrete *claims* or *charges*, not merely "any portion," relate to acts taken within the scope of federal office. Doc [69] at 12-13. In light of this, the Court then analyzed the nature of the RICO charge and made the uncontroversial observation that the prosecution does not have to prove all, or indeed

*any*, overt acts attributed to the defendant to achieve a conviction against him for a RICO conspiracy charge, and that therefore the relevant "act" was not any (or every) overt act but instead the defendant's "alleged *association* with the conspiracy." *Id.* at 20-21. The Court then drew from precedent from both the Eleventh Circuit and the Fourth Circuit to determine that it had to identify the "heart" or "gravamen" of the RICO charge and analyzed the overt acts "in order to determine whether Meadows's association with the alleged conspiracy (the conduct for which he was charged) related to the scope of his federal duties." *Id.* at 21-22. The conclusion reached by the Court regarding overt acts was *not* "that the case should be remanded if there is any way the State could prove its case without relying on an official act," as the defendant insists. Doc. [74] at 4. Instead, the Court reached the rational conclusion required by the established precedents it had identified: "Because the inquiry hinges on whether Meadows's association with the conspiracy related to the color of his office, however, jurisdiction is not *conferred* simply because a single overt act relates to Meadows's federal office." Doc. [69] at 22 (emphasis added). The Court did not find that a single overt act can defeat jurisdiction; it found that a single overt act was not *sufficient to confer* jurisdiction. The defendant elides the careful reasoning of the Remand Order and overstates his case.

Third, the defendant argues that this Court held him to a higher standard than authorized in the removal context, "effectively requiring him to prove his defense

and justify the full scope of his duties in order to obtain removal." What the Court actually found was that the defendant could not articulate the scope of his duties *at all*: because "Meadows was unable to explain the limits of his authority," the Court gave his testimony in that regard "less weight." Doc. [69] at 28. This sort of appraisal is "the same as [the Court] does any other witness in an evidentiary hearing." *Id.* at n.12. The Court thus did not hold the defendant to a higher standard but to precisely the same standard as any other witness. It merely assigned less weight to the defendant's insistence that all of his actions were within the scope of his official duties because the defendant could not describe what the limits to the scope of his official duties actually were.

Far from making a strong showing that he is likely to succeed on the merits in his appeal, the defendant has not actually made *any* showing. His arguments are overbroad and do not actually address the careful reasoning employed by the Court in its Remand Order. He thus has presented no basis to conclude that he is likely to succeed in his appeal, and the first factor cuts against him.

**The relative effects of a stay.** The second factor for the Court's consideration is whether the applicant will be irreparably injured absent a stay, while the third factor is whether issuance of the stay will substantially injure the other parties interested in the proceeding. As this Court has already determined in denying the defendant's prior Emergency Motion, 28 U.S.C. 1455 specifically contemplates that

a criminal case will continue to proceed as a defendant's Notice of Removal is considered. The defendant attempts to paint his participation in those proceedings as a form of injury, but they are merely what is required of him by the express language of section 1455(b)(3): the case proceeds, so all parties must proceed as well. The defendant asks "at a minimum"[1] that the Court stay its Remand Order in order to prevent the entry of a judgment against the defendant while he is still litigating his appeal. However, there is no basis to conclude that such an eventuality is likely or even possible. The defendant is already seeking expedited procedures on appeal, and even the most optimistic timeline for his trial in this case would not see a verdict reached for months. Evaluation of the second and third factors indicates that the likelihood of any injury is too remote to weigh in favor of the grant of a stay.

**The public interest weighs against the grant of a stay.** The final factor for this Court's consideration, "where the public interest lies," does not weigh in the defendant's favor either. This Court has actually clarified its appraisal of the public interest in this matter twice already. *See* Doc. [25] at 4-5; Doc [69] at 45-46. It is clear that the public interest is best served by minimal federal intrusion into this state

---

[1] The defendant refers to such relief as the "minimum" as if there were additional relief which this Court could grant, but it does not actually ask for any relief aside from a stay of the Remand Order. However, again, this Court has already outlined why it would not be proper to enjoin or otherwise halt the state court proceedings in the defendant's case. *See* Doc. [25]. Unsurprisingly, the defendant has now asked the Eleventh Circuit to issue an injunction to entirely cease his prosecution pending his appeal. *See* USCA11 Case 23-12958, Doc. [4-1] at 21-22.

prosecution, particularly where, as here, the case involves "not *state interference* with constitutionally protected federal activities, but *federal interference* with constitutionally protected state actions." Doc. [69] at 46. The defendant merely makes the same argument to this Court for a third time, and this factor does not weigh in his favor.

## Conclusion

The defendant cannot carry his heavy burden to demonstrate that the relevant factors weigh in his favor. His arguments do not actually address the reasoning of the Remand Order and instead talk around it. He asks for relief from purely speculative injuries. And he cannot cite to any pertinent public interest weighing in his favor, particularly when this Court has already found his arguments unpersuasive. As a result, the State of Georgia respectfully asks that this Court deny the defendant's request for a stay pending his appeal.

Respectfully submitted this 12th day of September 2023.

FANI T. WILLIS
DISTRICT ATTORNEY
ATLANTA JUDICIAL CIRCUIT


By:

By: s/ F. McDonald Wakeford
F. McDonald Wakeford
Chief Senior Assistant District Attorney
Atlanta Judicial Circuit

Georgia Bar No. 414898
136 Pryor Street SW, Third Floor
Atlanta, Georgia 30303
fmcdonald.wakeford@fultoncountyga.gov

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that this pleading complies with

the Local Rules of this Court, including Local Rules 5.1.C and 7.1.D (N.D. Ga.) in

that it is double-spaced and composed in 14-point Times New Roman font.

This 12th day of September 2023.

*s/ F. McDonald Wakeford*
F. McDonald Wakeford
Chief Senior Assistant District Attorney
Atlanta Judicial Circuit
Georgia Bar No. 414898
136 Pryor Street SW, Third Floor
Atlanta, Georgia 30303
Fmcdonald.wakeford@fultoncountyga.gov

## **CERTIFICATE OF SERVICE**

I hereby certify the foregoing was served upon the following by email:

 Joseph M. Englert
McGuire Woods LLP
1230 Peachtree Street NE, Suite 2100
Atlanta GA 30309
(404) 443-5500
jenglert@mcguirewoods.com

George J. Terwilliger

John S. Moran
Michael Francisco
McGuire Woods LLP
888 16th Street NW, Suite 500
Washington, DC 20006
(202) 857-1700
gterwilliger@mcguirewoods.com
jmoran@mcguirewoods.com
mfrancisco@mcguirewoods.com

Dated this 12th day of September, 2023.


                    *s/ F. McDonald Wakeford*

                    F. McDonald Wakeford