IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE STATE OF GEORGIA, | CIVIL ACTION FILE |
| v. | No. 1:23-CV-03621-SCJ |
| MARK RANDALL MEADOWS, | RE: NOTICE OF REMOVAL OF FULTON COUNTY SUPERIOR COURT INDICTMENT NO. 23SC188947 |
| Defendant. | |

## ORDER

This matter appears before the Court on a Motion for Reconsideration of the August 29, 2023 denial of a Motion to Intervene filed by David Andrew Christenson. Doc. No. [79]. The Motion for Reconsideration consists of three pages containing no legal citation or argument plus voluminous attachments, none of which appear to pertain to this case. In addition, Mr. Christenson has mailed directly to the chambers of the undersigned a duplicative motion to intervene labeled with the above civil action number and at least four letters with no case number included that request no relief from this Court.

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice," but rather, only when "absolutely

necessary." LR 7.2(E), NDGa.  Absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003). A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Id. at 1259. Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001).  "Reconsideration is vested in the district court's sound discretion, and the grant of a motion to reconsider is an extraordinary remedy employed sparingly." Ctr. for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005).

Mr. Christenson made no showing of necessity for reconsideration. Accordingly, the Motion for Reconsideration (Doc. No. [79]) is **DENIED**.

Furthermore, Mr. Christenson has a lengthy history of submitting motions to intervene and various correspondence related to high-profile cases before the

Eleventh Circuit Court of Appeals. See www.pacer.gov (last viewed September 11, 2023; searched "Christenson, David" in "Eleventh Circuit"). "[F]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. District courts also have power under 28 U.S.C. § 1651(a) to enjoin litigants who are abusing the court system by harassing their opponents." DeSouza v. JP Morgan Chase Home Lending Div., 608 F. App'x 776, 781 (11th Cir. 2015) (internal citations omitted) (internal quotation marks omitted). Accordingly, the Court **DIRECTS** the Clerk of Court to not docket any future filings by Mr. Christenson in the case *sub judice*. The Clerk shall instead hold said matters in abatement in a miscellaneous case file: In RE: Pro Se, Non-Party Submissions Relating to Removal of Fulton County Superior Court Indictment No. 23SC188947. Mr. Christenson is hereby warned that any future filings in cases in which he is not a named party that are deemed frivolous by the presiding judge may lead to sanctions.

    **IT IS SO ORDERED** this 13th day of September, 2023.

                                      /s/ Steve C. Jones
                                      **HONORABLE STEVE C. JONES**
                                      **UNITED STATES DISTRICT JUDGE**